THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HOWARD BERRY and DAVID BERRY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRANSDEV SERVICES, INC. f/k/a VEOLIA TRANSPORTATION SERVICES, INC.; TRANSDEV NORTH AMERICA, INC., f/k/a VEOLIA SERVICES, INC.; and FIRST TRANSIT, INC,<br><br>Defendants. | NO. 2:15-cv-01299-RAJ<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT** |

## I. RELIEF REQUESTED

Plaintiffs Howard Berry and David Berry, by their undersigned attorneys, for their class action complaint against Transdev Services, Inc. f/k/a Veolia Transportation Services, Inc., Transdev Services, Inc. f/k/a Veolia Transportation Services (the "Transdev Defendants"), and First Transit, Inc. (collectively, "Defendants") allege as follows:

## II. INTRODUCTION

1.1     Defendants jointly operate the paratransit service for King County Accessible Services Division, employing more than 250 drivers and transporting about 500,000 passengers per year.

FIRST AMENDED CLASS ACTION COMPLAINT - 1
Case No. 2:15-cv-01299-RAJ

1.2     Defendants' joint operations are governed by contracts with King County, under which Defendants promise to comply with all applicable laws, including "any that require that [driver] employees be provided with periodic breaks during a work day."  Indeed, the contracts require Defendants to work together "to develop a plan to ensure driver breaks and lunches," and "[t]his plan shall conform to applicable law."

1.3     Washington law imposes a mandatory obligation on employers to ensure rest breaks are provided to and taken by their employees.

1.4     Defendants have engaged in a common scheme of willfully failing to provide driver employees with the rest breaks to which they are entitled under Washington law.  Defendants have also engaged in a common scheme of willfully failing to ensure that driver employees take the rest breaks to which they are entitled under Washington law.  Defendants' willful conduct violates Washington law and constitutes a breach of contract.

1.5     Plaintiffs and Class members are current and former driver employees of Defendants in the State of Washington who have been injured by Defendants' unlawful practices.  This lawsuit is brought as a class action under state law to recover unpaid wages owed to Plaintiffs and all other similarly situated employees.

### III.  JURISDICTION AND VENUE

2.1     Defendants are within the jurisdiction of this Court.  Defendants do business within the State of Washington and have operations in King County.  Defendants have obtained the benefits of the laws of the State of Washington and the Washington labor market.

2.2     Venue is proper in King County because Defendants transact business in King County and Plaintiffs and Class members have performed work for Defendants in King County.

### IV.  PARTIES

3.1     Plaintiff Howard Berry has been employed by Defendants as a driver since approximately 2013.  Plaintiff has been a resident of Washington for the duration of his employment.  He has worked in King County for Defendants on a regular basis.

FIRST AMENDED CLASS ACTION COMPLAINT - 2
Case No. 2:15-cv-01299-RAJ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

3.2     Plaintiff David Berry has been employed by Defendants as a driver since approximately 2009. Plaintiff has been a resident of Washington for the duration of his employment. He has worked in King County for Defendants on a regular basis.

3.3     Defendant Transdev Services, Inc. f/k/a Veolia Transportation Services, Inc. is a Maryland corporation that contracts with King County Metro in Seattle, Washington to provide transportation services for disabled King County residents. Defendant Transdev Services is an employer for purposes of the Washington Minimum Wage Act (MWA) and has been a joint employer of approximately 250 to 300 drivers in King County, Washington during the class period. As a joint employer with the Transdev North America and First Transit, Transdev Services has employed Plaintiff Howard Berry since approximately 2013 and Plaintiff David Berry since approximately 2009 for purposes of the MWA.

3.4     Defendant Transdev North America, Inc., f/k/a Veolia Services, Inc. is a Delaware corporation that contracts with King County Metro in Seattle, Washington to provide transportation services for disabled King County residents. Defendant Transdev North America is an employer for purposes of the MWA and has been a joint employer of approximately 250 to 300 drivers in King County, Washington during the class period. As a joint employer with the Transdev Services and First Transit, Transdev North America has employed Plaintiff Howard Berry since approximately 2013 and Plaintiff David Berry since approximately 2009 for purposes of the MWA.

3.5     Defendant First Transit, Inc. is a Delaware corporation that contracts with King County Metro in Seattle, Washington to provide transportation services for disabled King County residents. First Transit is an employer for purposes of the Washington Minimum Wage Act (MWA) and has been a joint employer of approximately 250 to 300 drivers in King County, Washington during the class period. As a joint employer with the Transdev Defendants, First Transit has employed Plaintiff Howard Berry since approximately 2013 and Plaintiff David Berry since approximately 2009 for purposes of the MWA.

FIRST AMENDED CLASS ACTION COMPLAINT - 3
Case No. 2:15-cv-01299-RAJ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## V.  CLASS ACTION ALLEGATIONS

4.1     Pursuant to Washington Civil Rule 23, Plaintiffs bring this case as a class action on behalf of a Class defined as follows:

> All persons who, at any time between July 14, 2009 and the date of final disposition of this action, worked as drivers for a King County paratransit service operated by Transdev as the service provider and First Transit as the control center.

Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest or which has a controlling interest in Defendants, and Defendants' legal representatives, assignees, and successors.  Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

4.2     Plaintiffs believe there are at least 250 employees that comprise the Class. The members of the Class are so numerous that joinder of all members is impracticable. Moreover, the disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

4.3     There are numerous questions of law and fact common to Plaintiffs and Class members.  These questions include, but are not limited to, the following:

   a.     Whether First Transit is a joint employer of Plaintiffs and Class members;

   b.     Whether Defendants have engaged in a common course of failing to ensure that paratransit drivers are provided with the rest breaks to which they are entitled;

   c.     Whether Defendants have engaged in a common course of failing to ensure that paratransit drivers take the rest breaks to which they are entitled;

   d.     Whether Defendants have violated RCW 49.46.130;

   e.     Whether Defendants have violated RCW 49.46.090;

   f.     Whether Defendants have violated WAC 296-126-092;

   g.     Whether Defendants have violated RCW 49.12.020;

   h.     Whether Defendants have violated RCW 49.52.050;

FIRST AMENDED CLASS ACTION COMPLAINT - 4
Case No. 2:15-cv-01299-RAJ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

        i.        Whether Plaintiffs and Class members are third-party beneficiaries to the service contract between King County and the Transdev Defendants;

        j.        Whether Plaintiffs and Class members are third-party beneficiaries to the service contract between King County and First Transit;

        k.        Whether the Transdev Defendants breached their contractual obligations and thereby injured Plaintiffs and Class members;

        l.        Whether First Transit breached its contractual obligations and thereby injured Plaintiffs and Class members;

        m.        The nature and extent of injunctive relief necessary to stop Defendants from continuing their common course of failing to ensure that paratransit drivers are provided with and take the rest breaks to which they are entitled; and

        n.        The nature and extent of class-wide injury and the measure of compensation for such injury.

        4.4        Plaintiffs' claims are typical of the claims of the members of the Class because Plaintiffs are paratransit drivers who, like the members of the Class, sustained damages arising out of Defendants' failure to provide them with, ensure they take, and pay them for the rest breaks to which they are entitled under Washington law.

        4.5        Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have retained competent and capable attorneys who are experienced trial lawyers with significant experience in complex and class action litigation, including employment law. Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiffs nor their counsel have interests that are contrary to or that conflict with those of the proposed Class.

        4.6        Defendants have engaged in a common course of wage and hour abuse toward Plaintiffs and members of the Class. The common issues arising from this conduct that affect Plaintiffs and members of the Class predominate over any individual issues. Adjudication of

FIRST AMENDED CLASS ACTION COMPLAINT - 5
Case No. 2:15-cv-01299-RAJ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

these common issues in a single action has important and desirable advantages of judicial economy.

4.7     Plaintiffs and Class members have suffered and will continue to suffer harm and damages as a result of Defendants' unlawful and wrongful conduct.  Absent a class action, however, most Class members likely would find the cost of litigating their claims prohibitive. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities.  Litigation of the claims should occur in this Court as all claims are brought under Washington law.  There will be no significant difficulty in the management of this case as a class action.  The Class members are readily identifiable from Defendants' records.

4.8     Defendants have acted on grounds generally applicable to the Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Class as a whole.  Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendants.

## VI. SUMMARY OF FACTUAL ALLEGATIONS

5.1     <u>Defendants' Contracts with King County</u>.  Defendants operate the paratransit service for King County Accessible Services Division pursuant to service contracts with King County.  Defendants employ Washington residents (Drivers) to transport disabled King County residents (Clients) to medical and other appointments.

5.2     The contract between King County and Transdev (the "Transdev Contract") provides that Transdev "is responsible for ensuring compliance with all applicable laws and regulations, including any that require that [driver] employees be provided with periodic breaks during a work day."  The contract further provides that Transdev shall work with First Transit

FIRST AMENDED CLASS ACTION COMPLAINT - 6
Case No. 2:15-cv-01299-RAJ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

"to develop a plan to ensure driver breaks and lunches that shall have the least impact on the provision of service, and "[t]his plan shall conform to applicable law."

5.3    The Transdev Contract also provides that First Transit "shall … ensure that its drivers receive breaks and lunches."

5.4    The contract between King County and First Transit (the "First Transit Contract") contains provisions identical to those in the Transdev Contract, including that First Transit "is responsible for ensuring compliance with all applicable laws and regulations, including any that require that [driver] employees be provided with periodic breaks during a work day."  The contract also provides that First Transit shall work with Transdev "to develop a plan to ensure driver breaks and lunches that shall have the least impact on the provision of service, and "[t]his plan shall conform to applicable law."

5.5    The First Transit Contract likewise requires First Transit to "ensure that . . . drivers receive breaks and lunches."

5.6    <u>Joint Employment</u>.  First Transit is the joint employer of Drivers, including Plaintiffs and Class members, as established by the following facts, among others:

5.7    First Transit regularly exercises substantial control over the employment of Drivers.  For example, First Transit uses a computer program called TRAPEZE to develop schedules and routes for Drivers, and Drivers are required to adhere to the schedules and routes set by First Transit.

5.8    First Transit regularly supervises the work of Drivers, both directly and indirectly.  For example, First Transit maintains and monitors data regarding Driver schedules, pickups, drop offs, vehicle location, breaks, and other information.

5.9    First Transit regularly modifies the employment conditions of Drivers.  For example, First Transit uses an onboard computer system and mobile radio to revise Driver schedules on a daily basis, and Drivers are instructed to communicate with First Transit regarding scheduling changes and issues, including rest breaks.

FIRST AMENDED CLASS ACTION COMPLAINT - 7
Case No. 2:15-cv-01299-RAJ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

5.10     The work performed by Drivers for First Transit does not require specialized skills.

5.11     Drivers do not have an opportunity for profit or loss depending on their managerial skills.

5.12     There has been permanence in the working relationship between First Transit and Drivers.

5.13     The service Drivers have rendered is an integral part of First Transit's business.

5.14     As a matter of economic reality, Drivers were controlled by, dependent upon, and employed by First Transit.

5.15     Common Course of Conduct of all <u>Defendants.</u>  Clients call a reservation line operated and controlled by First Transit to schedule a time to be picked up by one of Defendants' Drivers.  First Transit schedules rides for Clients and tells Clients that a Driver will pick them up within a 30-minute window.

5.16     Defendants have a policy and practice of requiring Drivers to arrive within each scheduled pick-up window, pick the Client up, and drive the Client to his or her destination.  Frequently, Defendants also require Drivers to pick up additional Clients within their scheduled windows before arriving at the final destination for any Client.  Multiple Clients are often transported at the same time.

5.17     First Transit develops schedules for Drivers and Clients and provides the daily manifest to Drivers via a computer located in each Driver's vehicle.  First Transit also revises schedules to effectively manage day-of-service changes and communicates those changes to Drivers via each Driver's onboard computer or by Nextel radio communication directly to Drivers.

FIRST AMENDED CLASS ACTION COMPLAINT - 8
Case No. 2:15-cv-01299-RAJ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

5.18     At the beginning of each shift, a Driver is presented with a manifest that provides the name of each Client the Driver will transport that day, the Client's address, the time of day the Client must be picked up, and the Client's destination.

5.19     Defendants have a policy and practice of penalizing Drivers if they are late for a pick up.

5.20     Defendants have a policy and practice of prohibiting Drivers from leaving their vehicles while Clients are present.

5.21     Defendants did not schedule rest breaks for any of their Drivers before March 1, 2015.

5.22     As a result of Defendants' policies and practices and the extremely tight schedules under which they are required to operate, Drivers had no opportunity to take the rest breaks to which they were entitled under the law before March 1, 2015.

5.23     Before March 1, 2015, Drivers regularly complained to Defendants about the inability to take rest breaks. These complaints were ignored.

5.24     Starting March 1, 2015, Defendants began scheduling one rest break via the Driver's manifest and a second rest break via the onboard computer for each Driver shift.

5.25     The first rest break is frequently scheduled to occur within the first fifteen minutes of the work day, and the second rest break is frequently scheduled to occur within the last fifteen minutes of the work day.

5.26     As a result of Defendants' policies and practices and the extremely tight schedules under which they are required to operate, Drivers have routinely had no opportunity to take the rest breaks to which they were entitled under the law since March 1, 2015.

5.27     Since March 1, 2015, Drivers have complained to Defendants about the inability to take rest breaks. These complaints have been ignored.

5.28     Defendants have had and continue to have a common practice of failing to provide Drivers with the rest breaks to which they are entitled under Washington law.

FIRST AMENDED CLASS ACTION COMPLAINT - 9
Case No. 2:15-cv-01299-RAJ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

5.29    Defendants have had and continue to have a common practice of failing to ensure Drivers take the rest breaks to which they are entitled under Washington law.

5.30    Defendants have had and continue to have a policy and practice of failing to pay straight time compensation to Drivers for missed rest breaks.

5.31    Defendants have had and continue to have a policy and practice of failing to pay overtime compensation to Drivers for missed rest breaks.

## VII.  FIRST CLAIM FOR RELIEF
### (Violations of WAC 296-126-092 and RCW 49.12.020 — Failure to Provide Rest Breaks)

6.1    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

6.2    RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health.  The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

6.3    RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

6.4    Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

6.5    WAC 296-126-092 provides that employees shall be allowed certain paid rest periods during their shifts.

6.6    WAC 296-126-092 provides that an employer shall schedule rest periods as near as possible to the midpoint of the work period.

6.7    WAC 296-126-092 provides that no employee shall be required to work more than three hours without a rest period.

FIRST AMENDED CLASS ACTION COMPLAINT - 10
Case No. 2:15-cv-01299-RAJ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

6.8     By the actions alleged above, Defendants have violated the provisions of WAC 296-126-092 and RCW 49.12.020.

6.9     As a result of the unlawful acts of Defendants, Plaintiffs and Class members have been deprived of compensation in amounts to be determined at trial and pursuant to RCW 49.48.030, Plaintiffs and Class members are entitled to recovery of such damages, including interest thereon, as well as attorneys' fees and costs.  Plaintiffs and Class members are also entitled to declaratory and injunctive relief.

## VIII.  SECOND CLAIM FOR RELIEF
### (Payment of Wages Less Than Entitled: RCW 49.46.090)

7.1     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

7.2     Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under The Washington Minimum Wage Act.  If the employer fails to do so, RCW 49.46.090 requires that the employer pay the employees the full amount of the statutory minimum wage rate less any amount actually paid to the employees.

7.3     By the actions alleged above, Defendants have violated the provisions of RCW 49.46.090 by failing to pay any wage whatsoever to Plaintiffs and Class members for their missed breaks.

7.4     As a result of the unlawful acts of Defendants, Plaintiffs and Class members have been deprived of compensation in amounts to be determined at trial and pursuant to RCW 49.46.090(1), Plaintiffs and Class members are entitled to recovery of such damages, including interest thereon, as well as attorneys' fees and costs.  Plaintiffs and Class members are also entitled to declaratory and injunctive relief.

## IX.  THIRD CLAIM FOR RELIEF
### (Violations of RCW 49.46.130 — Failure to Pay Overtime)

8.1     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

FIRST AMENDED CLASS ACTION COMPLAINT - 11
Case No. 2:15-cv-01299-RAJ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

8.2     RCW 49.46.130 provides that "no employer shall employ any of his employees for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

8.3     By the actions alleged above, Defendants have violated the provisions of RCW 49.46.130.  These violations occurred during workweeks in which Plaintiffs and Class members worked over forty hours and during workweeks in which missed rest break time extended the workweek beyond forty hours.

8.4     As a result of the unlawful acts of Defendants, Plaintiff and Class members have been deprived of compensation in amounts to be determined at trial and pursuant to RCW 49.46.090(1), Plaintiff and Class members are entitled to recovery of such damages, including interest thereon, as well as attorneys' fees and costs.  Plaintiffs and Class members are also entitled to declaratory and injunctive relief.

## X.  FOURTH CLAIM FOR RELIEF
### (Breach of Contract Against the Transdev Defendants)

9.1     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

9.2     The Transdev Defendants jointly operate the paratransit service for King County Accessible Services Division pursuant to a service contract with King County.

9.3     The Transdev Contract provides that Transdev "is responsible for ensuring compliance with all applicable laws and regulations, including any that require that [driver] employees be provided with periodic breaks during a work day."

9.4     The Transdev Contract further provides that Transdev shall work with First Transit "to develop a plan to ensure driver breaks and lunches," and "[t]his plan shall conform to applicable law."

9.5     Plaintiffs and Class members are intended third-party beneficiaries of the Transdev Contract.

FIRST AMENDED CLASS ACTION COMPLAINT - 12
Case No. 2:15-cv-01299-RAJ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

9.6     The Transdev Defendants breached their contractual obligation to ensure compliance with all applicable laws and regulations, including those that require that Drivers be provided with periodic breaks during a work day and thereby injured Plaintiffs and Class members, who were the intended beneficiaries of this obligation.

## XI.  FIFTH CLAIM FOR RELIEF
### (Breach of Contract Against Defendant First Transit)

10.1    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

10.2    First Transit jointly operates the paratransit service for King County Accessible Services Division pursuant to a service contract with King County.

10.3    The First Transit Contract provides that First Transit "is responsible for ensuring compliance with all applicable laws and regulations, including any that require that [driver] employees be provided with periodic breaks during a work day."

10.4    The First Transit Contract further provides that First Transit shall work with Transdev "to develop a plan to ensure driver breaks and lunches," and "[t]his plan shall conform to applicable law."

10.5    The First Transit Contract further provides that First Transit "shall . . . ensure that . . . drivers receive breaks and lunches."

10.6    Plaintiffs and Class members are intended third-party beneficiaries of the First Transit Contract.

10.7    Defendant First Transit breached its contractual obligation to ensure compliance with all applicable laws and regulations, including those that require that Drivers be provided with periodic breaks during a work day and thereby injured Plaintiffs and Class members, who were the intended beneficiaries of this obligation.

FIRST AMENDED CLASS ACTION COMPLAINT - 13
Case No. 2:15-cv-01299-RAJ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## XII. SIXTH CLAIM FOR RELIEF
### (Violation of RCW 49.52.050 — Willful Refusal to Pay Wages)

11.1 Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

11.2 RCW 49.52.050 provides that any employer or agent of any employer who, "[w]ilfully and with intent to deprive the employee of any party of his wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" shall be guilty of a misdemeanor.

11.3 Violations of RCW 49.46.130, as discussed above, constitute violations of RCW 49.52.050.

11.4 Violations of WAC 296-126-092 and RCW 49.12.020, as discussed above, constitute violations of RCW 49.52.050.

11.5 Violations of RCW 49.46.090, as discussed above, constitute violations of RCW 49.52.050.

11.6 Breaches of contract, as discussed above, constitute violations of RCW 49.52.050.

11.7 RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, attorneys' fees, and costs.

11.8 By the actions alleged above, Defendants have violated the provisions of RCW 49.52.050.

11.9 As a result of the willful, unlawful acts of Defendants, Plaintiffs and Class members have been deprived of compensation in amounts to be determined at trial and pursuant to RCW 49.52.070, Plaintiffs and Class members are entitled to recovery of twice such damages, including interest thereon, as well as attorneys' fees and costs.

FIRST AMENDED CLASS ACTION COMPLAINT - 14
Case No. 2:15-cv-01299-RAJ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## XI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalf and on behalf of the members of the Class, pray for judgment against Defendants as follows:

    A.    Certify the proposed Class;

    B.    Appoint Plaintiffs as Class representatives;

    C.    Appoint the undersigned attorneys as Class counsel;

    D.    Declare that the actions complained of herein violate Washington's statutes and administrative codes;

    E.    Declare that the actions complained of herein constitute a breach of the Transdev Contract;

    F.    Declare that the actions complained of herein constitute a breach of the First Transit Contract;

    G.    Enjoin Defendants from continuing their common course of failing to allow Drivers to take rest breaks;

    H.    Award Plaintiffs and Class members compensatory and exemplary damages;

    I.    Award attorneys' fees and costs to Plaintiffs' attorneys, as allowed by law;

    J.    Award pre-judgment and post-judgment interest to Plaintiffs and Class members, as provided by law; and

    K.    Grant such other and further relief as this Court deems necessary.

FIRST AMENDED CLASS ACTION COMPLAINT - 15
Case No. 2:15-cv-01299-RAJ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

| | |
|---|---|
| 1 | DATED this 28th day of July, 2016. |
| 2 | TERRELL MARSHALL LAW GROUP PLLC |
| 3 | |
| 4 | By:   /s/ Toby J. Marshall, WSBA #32726  <br>Toby J. Marshall, WSBA #32726 |
| 5 | Email: tmarshall@terrellmarshall.com<br>Jennifer Rust Murray, WSBA # 36983 |
| 6 | Email:  jmurray@terrellmarshall.com<br>Erika L. Nusser, WSBA #40854 |
| 7 | Email:  enusser@terrellmarshall.com<br>936 North 34th Street, Suite 300 |
| 8 | Seattle, Washington 98103-8869<br>Telephone:  206-816-6603 |
| 9 | Facsimile:  206-319-5450 |
| 10 | LAW OFFICES OF JEFFREY L. NEEDLE |
| 11 | |
| 12 | By: /s/ Jeffrey Needle, WSBA #6346<br>Jeffrey L. Needle, WSBA #6346 |
| 13 | Email: jneedle@wolfenet.com<br>119 1st Avenue, Suite 200 |
| 14 | Seattle, Washington 98104<br>Telephone:  206-447-1560 |
| 15 | Facsimile:  206-447-1523 |
| 16 | *Attorneys for Plaintiffs* |

FIRST AMENDED CLASS ACTION COMPLAINT - 16
Case No. 2:15-cv-01299-RAJ