UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HOWARD BERRY and DAVID BERRY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRANSDEV SERVICES, INC. f/k/a VEOLIA TRANSPORTATION SERVICES, INC.; TRANSDEV NORTH AMERICA, INC., f/k/a VEOLIA SERVICES, INC.; and FIRST TRANSIT, INC.,<br><br>Defendants. | Case No.: 2:15-cv-01299-RAJ<br><br>**DEFENDANT FIRST TRANSIT, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>**NOTING DATE:**<br>**OCTOBER 28, 2016** |

**FIRST TRANSIT, INC.'S REPLY ISO MOTION TO DISMISS**
**Case No.: 2:15-cv-01299-RAJ**

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

# TABLE OF CONTENTS

**PAGE**

I. INTRODUCTION ........................................................................................................... 1

II. LEGAL AUTHORITY AND ARGUMENT ................................................................. 2

    A. Plaintiff's First Cause of Action -- For Violations Of WAC 296-126-092 And RCW 49.12.020 (Rest Breaks Regulation) -- Fails To State A Claim That First Transit Is A Common-Law Employer ..................................................... 2

        1. The Concept of "Joint Employment" Does Not Apply ............................ 2

        2. Plaintiffs Fail to State a Claim that First Transit Is Their Common-Law Employer ............................................................................................. 3

    B. Plaintiff's Second And Third Causes Of Action -- For Violations Of RCW 49.46.090 and 49.46.130 (Washington Minimum Wage Act) -- Fail To State A Claim Against First Transit .................................................................. 4

        1. First Transit Cannot Be Liable for Derivative WMWA Claims Where First Transit Had No Obligation to Provide Rest Breaks ............... 4

        2. First Transit Is Not A WMWA Joint Employer ......................................... 4

        3. Plaintiffs' Proposed Additional Facts Do Not Change the Analysis ......... 8

    C. Plaintiffs' Fifth Cause of Action -- For Breach Of Contract -- Fails To State A Claim That The Drivers Were Intended Third-Party Beneficiaries Of The Contract Between First Transit and King County ................................. 10

    D. Plaintiffs' Sixth Cause of Action -- For Violations Of RCW 49.52.050 (Wage Rebate Act) -- Fails To State A Claim ................................................... 12

III. CONCLUSION ............................................................................................................ 12

**FIRST TRANSIT, INC.'S REPLY ISO MOTION TO DISMISS** - i
**Case No.: 2:15-cv-01299-RAJ**

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

# TABLE OF AUTHORITIES

**PAGE**

**CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)..........................................................9

*Becerra v. Expert Janitorial, LLC*
    181 Wn.2d 186, 332 P.3d 415 (2014)..............................................................................5

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)..........................................................9

*Blackburn v. State*,
    186 Wn.2d 250, 375 P.3d 1076 (2016)..............................................................................3

*Boire v. Greyhound Corp.*,
    376 U.S. 473, 84 S. Ct. 894, 11 L. Ed. 2d 849 (1964)..........................................................4, 9

*Browning v. Ferris Industries*,
    362 NLRB No. 186 (2015)..............................................................................4

*Consult Urban Renewal Dev. Corp. v. T.R. Arnold & Assoc., Inc.*,
    2009 WL 1969083 (D.N.J. July 1, 2009)..............................................................................12

*Del Guzzi Const. Co., Inc. v. Global Northwest, Ltd., Inc.*,
    105 Wn.2d 878, 719 P.2d 120 (1986)..............................................................................11

*Demetrio v. Sakuma Brothers Farms, Inc.*,
    183 Wn.2d 649, 355 P.3d 258 (2015)..............................................................................2

*Ethelberth v. Choice Sec. Co.*,
    91 F. Supp. 3d 339 ..............................................................................12

*Hugee v. SJC Group, Inc.*,
    2013 WL 4399226 (S.D.N.Y. Aug. 14, 2013)..........................................................6, 7, 9

*Kumar v. Gate Gourmet, Inc.*,
    180 Wn.2d 481, 325 P.3d 193 (2014)..............................................................................3

*Lonsdale v. Chesterfield*,
    19 Wn. App. 27, 573 P.2d 822 (1978)..............................................................................10

**FIRST TRANSIT, INC.'S REPLY ISO MOTION TO DISMISS** - ii
**Case No.: 2:15-cv-01299-RAJ**

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

# TABLE OF AUTHORITIES

**PAGE**

*Moreau v. Air France*,
 356 F.3d 942 (9th Cir. 2004) ............................................................................................. 6

*State v. Pacheco*,
 125 Wn.2d 150, 882 P.2d 183 (1994) ................................................................................ 3

*Torres-Lopez v. May*,
 111 F.3d 633 (9th Cir. 1997) ............................................................................................. 5

*Velez v. New Haven Bus Service, Inc.*,
 35 F. Supp. 3d 219 (D. Conn. 2014) .................................................................................. 7

*Wadsworth v. KSL Grand Wailea Resort, Inc.*,
 818 F. Supp. 2d 1240 (D. Haw. 2015) ............................................................................. 12

*Washington State Nurses Association v. Sacred Heart Medical Center*,
 175 Wn.2d 822, 287 P.3d 516 (2012) ................................................................................ 2

*Welden v. Skinner & Eddy Corp.*,
 103 Wash. 243, 174 P. 452 (1918) ..................................................................................... 3

*Wingert v. Yellow Freight Systems, Inc.*,
 146 Wn.2d 841, 50 P.3d 256 (2002) .................................................................................. 2

**STATUTES**

Fair Labor Standards Act ............................................................................................... 2, 3, 7

National Labor Relations Act ............................................................................................ 4, 9

RCW 49.12.020 ..................................................................................................................... 2

RCW 49.46.090 ..................................................................................................................... 4

RCW 49.46.130 ..................................................................................................................... 4

RCW 49.52.050 ................................................................................................................... 12

Title VII of the Civil Rights Act of 1964 .............................................................................. 3

**OTHER AUTHORITIES**

WAC 296-126-092 ................................................................................................................ 2

**FIRST TRANSIT, INC.'S REPLY ISO MOTION TO DISMISS** - iii
**Case No.: 2:15-cv-01299-RAJ**

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

## I. INTRODUCTION

Plaintiffs' First Amended Complaint is predicated solely on the drivers' alleged failure to receive rest breaks. The drivers are employed by the original defendant, Transdev. More than a year after suing Transdev, Plaintiffs now seek to add First Transit as an additional "employer" defendant, after unsuccessfully attempting to force First Transit, as a third party, to bear the cost of expensive e-discovery. But First Transit was not an employer. The drivers are hired, fired, trained, assigned, paid and otherwise employed by Transdev, and the ultimate source of funding for the driver's wages and ultimate beneficiary of the drivers' services is King County, not First Transit. The facts that Plaintiffs allege show that First Transit's involvement was limited to its contractual responsibility to King County for scheduling the drivers' routes and breaks, and dispatching drivers after they have reported for work at Transdev's bases to operate Transdev's vans. These facts do not permit Plaintiffs to state a claim against First Transit.

With regard to Plaintiffs' claim that First Transit violated the Washington rest break regulation, First Transit has shown that obligation is based on common law employment, and that First Transit is not a common law employer on the alleged facts. Plaintiffs barely responded to this showing, and their limited response is unavailing.

Plaintiffs focus on their claim that First Transit violated the Washington Minimum Wage Act (WMWA) by failing to pay wages for allegedly missed rest breaks. Plaintiffs provide no authority, however, for their unique claim that an entity that had no obligation to provide rest breaks could be held liable under the WMWA for damages for failing to provide rest breaks. Further, while the joint employer theory on which Plaintiff relies does apply to the WMWA, Plaintiffs do not cite a single case finding joint employment on analogous facts, do not distinguish the on-point joint employment authority First Transit provided, and provide no authority that joint employment can be established outside of the horizontal and vertical relationships described in the Department of Labor's recent Administrator's Interpretation.

**FIRST TRANSIT, INC.'S REPLY ISO MOTION TO DISMISS -** 1
**Case No.: 2:15-cv-01299-RAJ**

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

1      Finally, with regard to Plaintiffs' breach of contract claim (intended third-party

2 beneficiary), Plaintiffs do not cite any case law that is remotely similar to the present case. The

3 binding authority discussed by First Transit, on the other hand, establishes that third parties like

4 Plaintiffs cannot maintain a claim for breach of contract where, as here, the contract fails to show

5 an intent that the contracting party was assuming a direct obligation to the third party.

6      Accordingly, Plaintiffs' First Amended Complaint should be dismissed.

## II.   LEGAL AUTHORITY AND ARGUMENT

### A.   Plaintiff's First Cause of Action -- For Violations Of WAC 296-126-092 And RCW 49.12.020 (Rest Breaks Regulation) -- Fails To State A Claim That First Transit Is A Common-Law Employer.

#### 1.   The Concept of "Joint Employment" Does Not Apply.

Plaintiffs first argue that the joint employment test applicable under the WMWA should be applied to the rest breaks regulation because an employer that is required to provide rest breaks and fails to do so can be held liable under the WMWA for failure to pay for all hours worked. *See* Response at 6-8, citing *Washington State Nurses Association v. Sacred Heart Medical Center*, 175 Wn.2d 822, 287 P.3d 516 (2012), *Wingert v. Yellow Freight Systems, Inc.*, 146 Wn.2d 841, 50 P.3d 256 (2002), and *Demetrio v. Sakuma Brothers Farms, Inc.*, 183 Wn.2d 649, 355 P.3d 258 (2015). This confuses claims under two separate statutes and says nothing about the coverage of the rest break regulation.

When Plaintiffs get around to addressing the scope of the rest breaks regulation itself, they entirely fail to address First Transit's arguments and authority regarding the origins and interpretation of the rest breaks regulation. *See* Motion at 6-7. As explained in First Transit's motion, the rest breaks regulation was promulgated under the authority of the Industrial Welfare Act, which dates back to 1913 – twenty-five years before the enactment of the FLSA in 1938. Although the broad FLSA/WMWA definition of "employ" was later adopted with respect to *minors* in the IWA and its regulations, that definition was *not* adopted with respect to *adults*. Accordingly, the rest breaks regulation, as applied to adults, is limited to the employment

**FIRST TRANSIT, INC.'S REPLY ISO MOTION TO DISMISS - 2**
**Case No.: 2:15-cv-01299-RAJ**

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

relationship as defined by the common law, *State v. Pacheco*, 125 Wn.2d 150, 154, 882 P.2d 183 (1994), not the broader definition developed under the FLSA and its joint employment test.

Plaintiffs argue that Washington courts look to federal law for guidance in interpreting Washington statutes, citing *Kumar v. Gate Gourmet, Inc.*, 180 Wn.2d 481, 490, 325 P.3d 193 (2014). Response at 8. In *Kumar*, the Washington Supreme Court looked to federal antidiscrimination laws (including Title VII) for guidance on interpreting the Washington Law Against Discrimination. As the Washington Supreme Court previously explained, Title VII "also contains antidiscrimination provisions with some similar statutory language." *Blackburn v. State*, 186 Wn.2d 250, 257-58, 375 P.3d 1076 (2016). Likewise, as First Transit noted in its motion, Washington courts look to the FLSA for guidance in interpreting the WMWA <u>because</u> the WMWA was patterned after the FLSA. This does not mean that Washington courts should look to federal law as guidance in all situations. Plaintiffs have not cited any authority – and there is none – to establish that the IWA is similar to or patterned after the FLSA. The IWA was enacted long before the FLSA, and the FLSA does not require employers to provide rest breaks.

### 2. Plaintiffs Fail to State a Claim that First Transit Is Their Common-Law Employer.

Under Washington's interpretation of the common law, no concept of joint employment exists. Rather, the primary employer is the only employer, even if others exercise substantial control over the worker's performance. *See* Motion at 7-8. In response to First Transit's argument and its citation of *Welden v. Skinner & Eddy Corp.*, 103 Wash. 243, 247-48, 174 P. 452 (1918), Plaintiffs argue that *Welden* is not applicable because it is a case about vicarious tort liability, not "wage and hour laws or breach of contract." Response at 11. Because the IWA (and its use of the word "employ") dates back to 1913, however, a case decided by the Washington Supreme Court in 1918 defining who is a common-law employer is more applicable than the cases cited by Plaintiffs, which have nothing to do with Washington law.

**FIRST TRANSIT, INC.'S REPLY ISO MOTION TO DISMISS - 3**
**Case No.: 2:15-cv-01299-RAJ**

The primary case cited by Plaintiffs is *Browning v. Ferris Industries*, 362 NLRB No. 186 (2015), which was a case decided by the National Labor Relations Board ("NLRB"), not any federal or state court, under the National Labor Relations Act, not Washington law. The NLRB has developed its own definitions of joint employment. *Id.* at *12. Moreover, the facts of *Browning* are not remotely similar to this case. The NLRB found that BFI was a joint employer of workers provided by Leadpoint to work at BFI's facility, where BFI exercised control over hiring, firing, wages, task assignments, and how the employees performed their work. *Id.* at *22-23.

Plaintiffs also misrepresent *Boire v. Greyhound Corp.*, 376 U.S. 473, 475, 84 S. Ct. 894, 11 L. Ed. 2d 849 (1964), claiming that the Supreme Court held that Greyhound was a joint employer. Response at 12. In fact, the Court held that the courts had no right to review the NLRB's decision about who was the employer. *Boire*, 376 U.S. at 481-82.

**B. Plaintiff's Second And Third Causes Of Action -- For Violations Of RCW 49.46.090 and 49.46.130 (Washington Minimum Wage Act) -- Fail To State A Claim Against First Transit.**

**1. First Transit Cannot Be Liable for Derivative WMWA Claims Where First Transit Had No Obligation to Provide Rest Breaks.**

As Plaintiffs say, it is established that an employer's own violation of the rest breaks regulation also creates a derivative wage obligation under the WMWA. It is illogical, however, to say that an entity such as First Transit, which was not an employer under the rest breaks regulation, can be held derivatively liable under the WMWA for having violated the rest breaks regulation. As such, Plaintiffs' WMWA claim against First Transit, which is entirely derivative of their claim that First Transit violated the rest breaks regulation, should be dismissed regardless of whether First Transit might be considered a joint employer under the WMWA test.

**2. First Transit Is Not A WMWA Joint Employer.**

Plaintiffs' claim that First Transit is a joint employer under the WMWA test is based on their allegations that First Transit schedules the drivers' routes and provides dispatching services.

FIRST TRANSIT, INC.'S REPLY ISO MOTION TO DISMISS - 4
Case No.: 2:15-cv-01299-RAJ

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

*See* Response at 10-11 and 12-13. Plaintiffs do not allege that First Transit hires, trains, assigns, fires, or pays the drivers. All of those functions are performed by the drivers' employer, Transdev. While Plaintiffs conclusorily allege that First Transit "controls" and "supervises" the drivers, that allegation is based solely on First Transit's function as the scheduling and dispatching agent of King County's paratransit program. Even First Transit's "control" over the schedule is limited because it is required to follow King County's service standards and performance criteria, and use an automated scheduling program provided by King County "with minimal human intervention." Martel Decl. [Dkt. No. 27-2], Ex. 2, § 4.6(B)(1) and 4.6(C)(7) (p.48); § 6.1(B)(1) (p. 76).

Plaintiffs repeat a long list of potential factors from the Ninth Circuit's decision in *Torres-Lopez v. May*, 111 F.3d 633 (9th Cir. 1997), but do little to apply those factors to the present case. Response at 9-11. And other than First Transit's control over the routes and the schedule once drivers are deployed by Transdev for the day, Plaintiffs have not alleged any facts to support their claim of joint employer status. In its Motion, First Transit distinguished *Torres-Lopez* and the other Ninth Circuit case law on joint employment that was cited in the Washington Supreme Court's leading decision, *Becerra v. Expert Janitorial*, LLC, 181 Wn.2d 186, 196, 332 P.3d 415 (2014). The Ninth Circuit decisions (*Real*, *Torres-Lopez*, and *Bonnette*) found joint employment where the defendant was the ultimate beneficiary of the services and the workers were, as a matter of economic reality, dependent on the defendant for their jobs and wages. Motion at 10-11. The facts alleged by Plaintiffs here do not support that conclusion, where King County (not First Transit) was the ultimate beneficiary of the services and source of funding for the driver's wages. Further, although First Transit exercises control over the drivers' daily schedules once they arrive at work (and according to King County's specific requirements), First Transit does not control which drivers are assigned to work by Transdev or when drivers report to work at Transdev's facilities. Martel Decl. [Dkt. No. 27-1], Ex. 1, § 5.1(G)(1), (6) (p. 55).

FIRST TRANSIT, INC.'S REPLY ISO MOTION TO DISMISS - 5
Case No.: 2:15-cv-01299-RAJ

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

Importantly, Plaintiffs do not cite a single joint employment case where the court found a joint employment relationship under similar facts. Instead, they merely recite general standards and fail to distinguish cases cited by First Transit.

Plaintiffs attempt to distinguish *Moreau v. Air France*, 356 F.3d 942, 945-46 (9th Cir. 2004), by claiming that the reason Air France was found not to be a joint employer was that it did not set the employees' work schedules or working conditions. Response at 9-10 n.1. This is an incomplete and misleading description. In *Moreau*, Air France contracted with companies to provide services for its flights, and was thus the ultimate beneficiary of the services provided by those companies' workers. *See Moreau*, 356 F.3d at 948-50. Air France dictated how the employees performed their work, monitored their work, and provided training. Employees performed some work on Air France's premises, Air France provided equipment and supplies, and Air France controlled the number of employees assigned to provide cargo handling services. *Id.*. But Air France did not hire, fire, determine rate or method of pay, or keep employment records for the employees. *Id.* at 950. For those reasons, the Ninth Circuit held that Air France was not a joint employer. The facts in *Moreau* are "readily distinguishable," as Plaintiffs say, but only because there is even less reason to find joint employer status here.

Plaintiffs distinguish *Hugee v. SJC Group, Inc.*, 2013 WL 4399226 (S.D.N.Y. Aug. 14, 2013), a case that involved similar allegations, with conclusory assertions that First Transit "is responsible for every aspect of a driver's day after the driver leaves Transdev's facility." Response at 13-14. These conclusory statements are insufficient where the only facts that Plaintiffs allege involve First Transit's control over route scheduling and dispatch, which does not make First Transit responsible for "every aspect of a driver's day." Indeed, Transdev employs "Road Supervisors" to spend most of their day on the road observing drivers and responding to incidents and concerns. Martel Decl. [Dkt. No. 27-1], Ex. 1, § 5.2(D) (pp. 58-59). Transdev also employs a dispatch clerk and remote scheduler to assist with scheduling and dispatch. *Id.*, § 5.2(C), (E) (pp. 58-59). Plaintiffs' allegations are similar to those of the plaintiff

**FIRST TRANSIT, INC.'S REPLY ISO MOTION TO DISMISS -** 6
**Case No.: 2:15-cv-01299-RAJ**

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

in *Hugee*, and show even less basis for finding joint employer status. In *Hugee*, the court dismissed the plaintiff's complaint against an alleged joint employer (NESCTC) where it was the prime contractor and the payor for the security guard's services; the guards submitted timesheets directly to NESCTC according to its rules and instructions; the guards reported to NESCTC each day upon arrival and prior to departure from the sites; NESCTC supervised and inspected the work on site, instructed the guards in performing their duties, and communicated with customers and guards regarding complaints; and NESCTC instructed its subcontractor not to hire certain guards for assignments and exercised control over the rate of payment. *Id.* at *1-2.

Plaintiffs' only attempt to distinguish the other cases that First Transit cited is to note in a footnote that they were "decided on summary judgment or after trial." Response at 13 n.3. This does not diminish their import in setting the legal standard that Plaintiffs must meet to establish a claim of joint employer status. For example, the facts in *Velez v. New Haven Bus Service, Inc.*, 35 F. Supp. 3d 219, 228-31 (D. Conn. 2014), were similar to those alleged here. A university contracted with a shuttle company to provide transportation services for its students. Just like First Transit, the university did not hire, fire, discipline, or pay the drivers; it did not determine the method or rate of payment; and it did not maintain employment records. Like First Transit, the university set the routes for the shuttle and it dispatched drivers, but it did not determine which drivers drove which routes on which days. However, the university was more employer-like than First Transit because it was the ultimate beneficiary and payor for the services, supplied some of the vehicles and uniforms worn by the drivers, and provided certain training. *Id.* at 223. Nonetheless, the university was not a joint employer, and First Transit cannot be either.

Finally, Plaintiffs provide no analysis of the Department of Labor's 2016 Administrator's Interpretation. The Department of Labor canvassed the case law on joint employment under the FLSA and explained that the cases finding joint employment fall into one of two categories: (1) horizontal joint employment, when the joint employer is the ultimate beneficiary of the services and the employees are economically dependent on the joint employer; and (2) vertical joint

FIRST TRANSIT, INC.'S REPLY ISO MOTION TO DISMISS - 7
Case No.: 2:15-cv-01299-RAJ

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

employment, when the joint employers are commonly owned or controlled. *See* Motion at 12-14. Plaintiffs' only response is a footnote proclaiming that "there is nothing in the DOL Administrator's 2016 Interpretation that limits a finding of joint employment to one of two scenarios." Response at 11 n.2. Plaintiffs do not offer an alternative theory or cite to any case in which a court found that a joint employment relationship existed outside of horizontal or vertical joint employment.

### 3. Plaintiffs' Proposed Additional Facts Do Not Change the Analysis.

The "new" facts that Plaintiffs propose to allege (Response at 5-6) all involve First Transit's scheduling functions and do not change the analysis.

- Plaintiffs allege: "After drivers leave Transdev's base, First Transit is responsible for managing every aspect of drivers' routes, including rest and meal breaks..." This is no different than Plaintiffs' original allegations that First Transit controlled schedules and routes for the drivers. This allegation further underscores the limited nature of First Transit's involvement because it shows that drivers perform work on Transdev's premises, and First Transit's functions are limited to the portion of the day when drivers are on the road (and being supervised by Transdev's Road Supervisors).

- First Transit's acknowledgment of its responsibility to schedule driver rest breaks and development of a plan "in accordance with its contractual obligations" for driver breaks, as alleged by Plaintiffs, do not introduce any new facts. Plaintiffs have already alleged the contractual obligations, and First Transit has submitted the contracts and discussed the relevant provisions at length.

- First Transit's "actual knowledge" of break practices is not relevant to the joint employment analysis. First Transit can have knowledge of relevant facts, and serve as a third-party witness, without being transformed into a joint employer.

- Plaintiffs allege: "First Transit has the control to change or terminate a driver's routes for the day." This echoes Plaintiffs' prior allegation that First Transit revises driver schedules on a daily basis to manage day-of-service changes.

Plaintiffs also assert that they will allege drivers have complained to First Transit about not receiving breaks, and First Transit has "retaliated against drivers who complain about rest and meal break violations by changing or terminating a driver's routes for the day." Importantly, Plaintiffs are not seeking to add a retaliation claim, but rather merely seek to support their claim
**FIRST TRANSIT, INC.'S REPLY ISO MOTION TO DISMISS** - 8
**Case No.: 2:15-cv-01299-RAJ**

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

that First Transit is a joint employer under the WMWA. Further, Plaintiffs have not alleged (and could not allege) that First Transit exercises any control over which drivers are assigned to the routes each day. To the extent that First Transit can cancel routes and send drivers home, that control does not extend beyond the day. The contract makes clear that Transdev assigns drivers to the routes, and even Plaintiffs' allegations recognize that any control exercised by First Transit occurs after drivers have already reported to work at Transdev's base. Even if First Transit can change or cancel a route for the day, First Transit has no power to discipline or fire drivers. In *Hugee*, 2013 WL 4399226, the court dismissed the guard's claim against the alleged joint employer even though it frequently communicated with customers and guards about complaints, and instructed its subcontractor not to hire guards for assignments as a result. *Id.* at *2. Plaintiff's additional allegations do nothing to permit Plaintiffs to fit this case into the template for joint employment that has been established by the case law.

Plaintiffs point to Section 3.2.C.9 of the contract as support for their argument. Response at 12-13. Citing *Boire*, Plaintiffs argue that First Transit's obligation to "have spare drivers available" means that First Transit "plays a part" in determining the number of employees needed to perform the work. As discussed above, *Boire* was a case decided under the NLRA and the Supreme Court held that it had no authority to opine on the substantive joint employment issue. Moreover, an obligation on First Transit's part to have spare drivers available does not show any involvement with Transdev's drivers beyond First Transit's scheduling functions. The contract makes clear that Transdev, not First Transit, is responsible for ensuring that Transdev has "an adequate number of drivers available." Martel Decl. [Dkt. No. 27-1], Ex. 1, § 5.1(G)(1) (p. 55).

First Transit's limited involvement is not sufficient under the law to create a joint employment relationship. And Plaintiffs' argument that they "should be permitted to obtain discovery from First Transit," despite their inability to state a claim, is precluded by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and *Ashcroft v.*

FIRST TRANSIT, INC.'S REPLY ISO MOTION TO DISMISS - 9
Case No.: 2:15-cv-01299-RAJ

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

*Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). This Court exercises a gatekeeping function and should dismiss complaints that do not allege facts sufficient to state a claim. Even after receiving substantial discovery in this lawsuit from Plaintiffs' employer, Transdev (who has been a defendant for more than a year), Plaintiffs remain unable to state a claim against First Transit.

### C. Plaintiffs' Fifth Cause of Action -- For Breach Of Contract -- Fails To State A Claim That The Drivers Were Intended Third-Party Beneficiaries Of The Contract Between First Transit and King County.

Plaintiffs' intended third-party beneficiary argument relies almost exclusively on *Lonsdale v. Chesterfield*, 19 Wn. App. 27, 573 P.2d 822 (1978). In *Lonsdale*, a developer (Chesterfield) sold lots in a residential development on conditional sale contracts that included a promise to install a water system. Chesterfield sold and assigned its rights under the contracts to certain investors, and then sold the remaining undeveloped land to Sansaria in exchange for Sansaria's agreement to install the water system for the development. Sansaria did not install the water system, the lot purchasers stopped paying the investors, and the investors sued Sansaria. *Id*. at 28-29. The Court ruled the investors were third party beneficiaries of Sansaria's agreement to install the water system. *Id*. at 31.

*Lonsdale* is entirely distinguishable. The investors had a direct contractual claim against Chesterfield for failure to install the water system, and Sansaria had, in substance, stepped into Chesterfield's place by agreeing to install the water system in exchange for an asset – the remaining land – that would otherwise have been available to the investors in the event of Chesterfield's default. *Id*. at 31. As such, the investors, due to their ongoing interest purchased from Chesterfield, "obviously" would be "directly" benefited by Sansaria's performance. *Id*. Here, by contrast, the drivers do not have a contractual claim against King County (as the investors did against Chesterfield), they do not allege that First Transit has stepped into King County's shoes (as Sansaria had stepped into Chesterfield's), and the drivers' claims were not secured by assets that First Transit obtained in exchange for its promises to King County.

FIRST TRANSIT, INC.'S REPLY ISO MOTION TO DISMISS - 10
Case No.: 2:15-cv-01299-RAJ

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

Plaintiffs allege that First Transit promised King County it would ensure Transdev's drivers received rest breaks, and allege that this agreement "directly benefits" the drivers. These allegations (which mischaracterize First Transit's contract with King County) do not state a claim because a benefit to a third party is not sufficient to give the third party a right to enforce the contract. Rather, the third party must show there was an intent that the third party would have a direct right to enforce the contract. For example, in *Del Guzzi Const. Co., Inc. v. Global Northwest, Ltd., Inc.*, 105 Wn.2d 878, 887, 719 P.2d 120 (1986), the subcontractor benefitted from the contract between the County and the engineering firm that provided the plans for construction, but there was no intent on the part of the firm to assume a direct obligation to the subcontractor, and thus the subcontractor had no right to recover damages based on that contract. Plaintiffs' only argument to distinguish *Del Guzzi* is that *Del Guzzi* did not involve an agreement to provide rest breaks. Response at 17. This is a distinction without a difference.

Plaintiffs also ignore the actual language of the contract. Plaintiffs insist that First Transit assumed a contractual obligation to ensure that Transdev's drivers received rest breaks. Response at 17. But this intent is not manifested in the contract's language. Section 6.5(D)(12) of the contract requires First Transit and Transdev to work together "to develop a plan to ensure driver breaks and lunches that shall have the least impact on the provision of service." By its express language, the intent of this provision is to maximize the service provided to passengers, for the benefit of King County. Similarly, Section 6.5(D)(1) directs First Transit to "provide non-reservation coverage from 5:00 p.m. to 8:00 a.m." to perform a list of activities, including processing rides, communicating with passengers, and optimizing service, to maximize service, and only incidentally (if at all) to provide driver breaks.[1]

The only contractual provision that is specifically directed at ensuring employees receive breaks is Section 4.5(A)(1), which Plaintiffs do not address. This provision appears in both the

---

[1] Plaintiffs' theory would permit a rider to sue First Transit if the rider thought her transit services were poorly scheduled, plainly an absurd result.

**FIRST TRANSIT, INC.'S REPLY ISO MOTION TO DISMISS -** 11
**Case No.: 2:15-cv-01299-RAJ**

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

First Transit and Transdev contracts and requires each contractor to ensure compliance with all laws, "including any that require that *its employees* be provided with periodic breaks during a work day." (emphasis added). Plaintiffs have admitted that "First Transit does not directly employ drivers." Response at 19. Therefore, this provision in First Transit's contract does not apply to the drivers.

Finally, Plaintiffs argue that a general promise to comply with the law gives them the right to sue under a third-party beneficiary theory. Response at 20-21. Plaintiffs do not discuss any of the cases First Transit cited for this proposition. *See* Motion at 16. And Plaintiffs do not identify any case where a court held that a promise to comply with the law permitted a third-party to enforce a contract. *Consult Urban Renewal Dev. Corp. v. T.R. Arnold & Assoc., Inc.*, 2009 WL 1969083 (D.N.J. July 1, 2009) involved a claim against a housing inspector who had contracted to verify compliance with state building codes. In *Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, 362 n.23 (E.D.N.Y. 2015), the plaintiff did not claim that he was an intended third-party beneficiary of the contract. In *Wadsworth v. KSL Grand Wailea Resort, Inc.*, 818 F. Supp. 2d 1240, 1254 (D. Haw. 2015), the court found that the plaintiffs' claim for breach of an implied contract was not preempted by the Labor Management Relations Act.

### D. Plaintiffs' Sixth Cause of Action -- For Violations Of RCW 49.52.050 (Wage Rebate Act) -- Fails To State A Claim.

First Transit has shown that it is not an employer under the Wage Rebate Act based on the history and language of that particular statute, including because it did not exercise any control over the payment of wages. Motion at 18-19. Plaintiffs have not addressed these arguments at all, instead reiterating their joint employment arguments in a cursory fashion. Response at 15. Accordingly, Plaintiffs have failed to state a claim under the Wage Rebate Act.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' First Amended Complaint should be dismissed with prejudice as against First Transit.

**FIRST TRANSIT, INC.'S REPLY ISO MOTION TO DISMISS -** 12
**Case No.: 2:15-cv-01299-RAJ**

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

October 28, 2016

        *s/ Breanne Sheetz Martell*
Daniel L. Thieme, WSBA #12855
dthieme@littler.com
Breanne Sheetz Martell, WSBA #39632
bsmartell@littler.com
Vanessa B.K. Lee, WSBA #46547
vblee@littler.com
LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
Phone: 206.623.3300
Fax: 206.447.6965

Attorneys for Defendant
FIRST TRANSIT, INC.

**FIRST TRANSIT, INC.'S REPLY ISO MOTION TO DISMISS -** 13
**Case No.: 2:15-cv-01299-RAJ**

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

# CERTIFICATE OF SERVICE

I am a resident of the State of Washington, over the age of eighteen years, and not a party to the within action. My business address is One Union Square, 600 University Street, Ste. 3200, Seattle, WA 98101. On October 28, 2016, I

| ✖ | **ELECTRONICALLY FILED** the foregoing document(s) with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: |

| | |
|---|---|
| Toby J. Marshall, WSBA #32726<br>tmarshall@terrellmarshall.com<br>Jennifer Rust Murray, WSBA # 36983<br>jmurray@terrellmarshall.com<br>Erika L. Nusser, WSBA #40854<br>enusser@terrellmarshall.com<br>TERRELL MARSHALL LAW GROUP PLLC<br>936 North 34th Street, Suite 300<br>Seattle, Washington 98103-8869<br>Telephone: 206-816-6603<br>Facsimile: 206-319-5450<br><br>*Attorneys for Plaintiffs* | Jeffrey Needle, WSBA #6346<br>jneedle@wolfenet.com<br>LAW OFFICES OF JEFFREY L. NEEDLE<br>119 1st Avenue, Suite 200<br>Seattle, Washington 98104<br>Telephone: 206-447-1560<br>Facsimile: 206-447-1523<br><br><br><br><br><br><br>*Attorneys for Plaintiffs* |
| Stellman Keehnel, WSBA No. 9309<br>stellman.keehnel@dlapiper.com<br>Anthony Todaro, WSBA No. 30391<br>anthony.todaro@dlapiper.com<br>Austin Rainwater, WSBA No. 41904<br>austin.rainwater@dlapiper.com<br>DLA PIPER US LLP (WA)<br>701 Fifth Avenue, Suite 7000<br>Seattle, Washington 98104-7044<br>Tel: 206.839.4800<br>Fax: 206.839.4801<br><br>*Attorneys for Transdev Defendants* | |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on October 28, 2016, at Seattle, Washington.

          *s/ Sally Swearinger*
          Sally Swearinger
          sswearinger@littler.com
          **LITTLER MENDELSON, P.C.**

Firmwide:143623400.5 070993.1104

**FIRST TRANSIT, INC.'S REPLY ISO MOTION TO DISMISS -** 14
**Case No.: 2:15-cv-01299-RAJ**

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300