HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HOWARD BERRY and DAVID BERRY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRANSDEV SERVICES, INC., f/k/a VEOLIA TRANSPORTATION SERVICES INC., and TRANSDEV NORTH AMERICA, INC., f/k/a VEOLIA SERVICES, INC.,<br><br>Defendants. | No. 2:15-cv-01299-RAJ<br><br>**DECLARATION OF DAN BARTZ** |

I, Dan Bartz, declare as follows:

1. I am the Director of Bid Pricing for Transdev Services, Inc. I have personal knowledge of the facts stated below and am competent to testify thereto.

2. In response to a March 1, 2007 Request for Proposal ("RFP") published by King County for a contract to fulfill King County's paratransit service requirements, Transdev Services, Inc. (formerly Veolia Transportation Services Inc.) submitted a bid proposal. As the Director of Bid Pricing, I prepared the bid pricing model.

3. The contract published by King County in its RFP called for two contractors to bid on different scopes of work in connection with the provision of the same service:

DECLARATION OF DAN BARTZ - 1
NO. 2:15-cv-01299-RAJ

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 | Tel: 206.839.4800

paratransit service for residents of King County. The RFP divided the work into two parts – that of a Control Center (to dispatch and schedule paratransit drivers) and a Service Provider (to manage the vehicles and employ the drivers). Transdev prepared a bid proposal to become the Service Provider under the contract.

4. Based on the terms of the contract, Transdev was aware that, if it won its bid to become the Service Provider, it would <u>not</u> be responsible for dispatching or scheduling the drivers it employed, as that was specifically delineated as within the scope of work for the Control Center. Indeed, in evaluating anticipated costs (and in pricing its bid), Transdev relied on the fact that the Control Center would be tasked with handling the scheduling and dispatching duties, including ensuring that Transdev's drivers would receive rest breaks during their routes.

5. Transdev ultimately bid and was awarded the work to be the Service Provider.

6. First Transit ultimately bid and was awarded the work to be the Control Center.

7. Transdev relies upon First Transit to fulfill its duties to Transdev set forth in the contract between First Transit and King County, which is identical to the contract between Transdev and King County but involves partitioned scopes of work.

8. Transdev would not have bid on the Service Provider contract without a clear delineation of work set forth for each of the Service Provider and Control Center. Indeed, Transdev would have structured its bid differently—or not bid at all—if First Transit was not required to create daily manifests and schedule drivers' pickups, drop-offs, and driver breaks under the contract.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed at Aurora, IL this 11th day of November, 2016.

_____
Dan Bartz

DECLARATION OF DAN BARTZ - 2
NO. 2:15-cv-01299-RAJ

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 | Tel: 206.839.4800

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record:

Dated this 14th day of November, 2016.

*s/Anthony Todaro*
Anthony Todaro

EAST\136709466.1

DECLARATION OF DAN BARTZ - 3
NO. 2:15-cv-01299-RAJ

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 | Tel: 206.839.4800