UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HOWARD BERRY and DAVID BERRY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRANSDEV SERVICES, INC. f/k/a VEOLIA TRANSPORTATION SERVICES, INC.; TRANSDEV NORTH AMERICA, INC., f/k/a VEOLIA SERVICES, INC.; and FIRST TRANSIT, INC.,<br><br>Defendants. | Case No.: 2:15-cv-01299-RAJ<br><br>**DEFENDANT FIRST TRANSIT, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS TRANSDEV SERVICES, INC.'S CROSS-CLAIM FOR FAILURE TO STATE A CLAIM**<br><br>**NOTING DATE: NOVEMBER 18, 2016** |

**FIRST TRANSIT, INC.'S REPLY ISO MOTION
TO DISMISS TRANSDEV'S CROSS-CLAIM**
**Case No. 2:15-cv-01299-RAJ**

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

**TABLE OF CONTENTS**

PAGE

I. INTRODUCTION ................................................................................................. 1

II. LEGAL AUTHORITY AND ARGUMENT ....................................................... 2

    A. Transdev's First Claim for Relief -- Based on its Allegation That It Was in Privity of Contract With First Transit -- Fails To State A Claim .......................... 2

    B. Transdev's Second Claim for Relief -- Based on its Allegation That It Was an Intended Third-Party Beneficiary of First Transit's Contract -- Fails To State A Claim ................................................................................................. 3

        1. Transdev Is Not an Intended Third-Party Beneficiary of First Transit's Contract with King County ............................................................. 3

        2. The Contract Language Does Not Give Transdev the Right to Enforce the Contract ................................................................................ 6

        3. The Extrinsic Evidence Submitted by Transdev Does Not Change the Facts as Alleged in the Complaint, and Does Not Change the Result ................................................................................................. 7

        4. This Court Cannot Save Transdev From its Own Contract ........................ 9

    C. Any Contract that Purported to Indemnify Transdev for Its Obligations to Provide Rest Breaks or Wages in Lieu Thereof Would Be Illegal and Unenforceable ................................................................................................. 10

III. CONCLUSION .................................................................................................. 11

**FIRST TRANSIT, INC.'S REPLY ISO MOTION
TO DISMISS TRANSDEV'S CROSS-CLAIM
Case No. 2:15-cv-01299-RAJ**      i

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

# TABLE OF AUTHORITIES

**CASES** **PAGE**

*American Pipe and Construction Company v. Harbor Construction Company*,
  51 Wn.2d 258, 317 P.2d 521 (1958) ................................................................ 3, 4, 6, 7

*Berg v. Hudesman*,
  115 Wn.2d 657, 801 P.2d 222 (1990) .......................................................................... 8

*Del Guzzi Const. Co., Inc. v. Global Northwest, Ltd., Inc.*,
  105 Wn.2d 878, 719 P.2d 120 (1986) ....................................................................... 4, 7

*Grant Cty. Constructors v. E. V. Lane Corp.*,
  77 Wn.2d 110, 459 P.2d 947 (1969) ........................................................................... 9

*Gustafson v. Bell Atlantic Corp.*,
  171 F. Supp.2d 311 (S.D.N.Y. 2001) ......................................................................... 11

*Hollis v. Garwall, Inc.*,
  137 Wn.2d 683, 974 P.2d 851 (1999) .......................................................................... 8

*Kenney v. Read*,
  100 Wn. App. 467 (2000) ......................................................................................... 2, 3

*Kilgore v. Shriners Hospitals for Children*,
  190 Wn. App. 429, 360 P.3d 55 (2015) ................................................................ 10, 11

*Local 1035, Int'l Brotherhood of Teamsters v. Pepsi Allied Bottlers, Inc.*,
  99 F. Supp.2d 219 (D. Conn. 2000) ........................................................................... 11

*Lonsdale v. Chesterfield*,
  19 Wn. App. 27, 573 P.2d 822 (1978) ......................................................................... 5

*Lonsdale v. Chesterfield*,
  91 Wn.2d 189, 588 P.2d 217 (1978) ............................................................................ 5

*McDonald Construction Co. v. Murray*,
  5 Wn. App. 68, 485 P.2d 626 (1971) ........................................................................... 5

*Pellino v. Brink's, Inc.*,
  164 Wn. App. 668, 267 P.3d 383 (2011) ................................................................... 10

*Scott Galvanizing, Inc. v. Northwest EnviroServices, Inc.*,
  120 Wn.2d 573, 844 P.2d 428 (1993) .......................................................................... 8

**FIRST TRANSIT, INC.'S REPLY ISO MOTION
TO DISMISS TRANSDEV'S CROSS-CLAIM
Case No. 2:15-cv-01299-RAJ**   ii

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

# TABLE OF AUTHORITIES
## (CONTINUED)

PAGE

*Turner v. Wexler*,
    14 Wn. App. 143 (1975) .................................................................................................. 2, 3

*Wagner v. Wagner*,
    95 Wn.2d 94, 621 P.2d 1279 (1980) ..................................................................................... 7

**STATUTES**

Fair Labor Standards Act ........................................................................................................... 11

**FIRST TRANSIT, INC.'S REPLY ISO MOTION
TO DISMISS TRANSDEV'S CROSS-CLAIM
Case No. 2:15-cv-01299-RAJ**                    iii

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

## I. INTRODUCTION

Transdev has asserted solely contractual claims against First Transit. However, the contracts do not provide the remedy that Transdev seeks, because Washington law establishes that: (1) Transdev is not "in privity" with First Transit under the parties' two related but separate contracts with King County; and (2) Transdev is not an "intended" third-party beneficiary of First Transit's contract with King County because the parties to that contract – First Transit and King County – did not manifest an intent that Transdev would have a right to directly enforce that contract against First Transit. The obligations that First Transit assumed under the contract run directly to King County, and to King County alone. The enforcement provisions of the contract clearly provide King County with the "sole discretion" to determine how any breaches will be corrected, if at all, and further give King County the unilateral right to make changes in the route scheduling. There is no language in the contract providing Transdev with any right to enforce it, and such an intent cannot be inferred because it would conflict with King County's rights under the contract. This Court cannot rewrite the contract simply because Transdev is unhappy with the bargain it struck with King County.

Transdev's submission of evidence outside of the pleadings does not help it because the evidence shows nothing more than what First Transit has already accepted as true for purposes of its Motion – First Transit had control over dispatching the drivers and scheduling their daily routes, including breaks. The distinction overlooked by Transdev – and that is not in any way addressed by Transdev's evidence – is that First Transit's contractual duties regarding scheduling are owed to <u>King County</u>, not to Transdev.

In the alternative, if the Court believes Transdev can state a claim against First Transit for breach of contract (which it cannot do), the contract claim that Transdev says it has is illegal and unenforceable as a matter of law. Transdev admits that it is the sole employer of the Plaintiff-drivers in this lawsuit. As their sole employer, Transdev has the responsibility to ensure that the

**FIRST TRANSIT, INC.'S REPLY ISO MOTION
TO DISMISS TRANSDEV'S CROSS-CLAIM
Case No. 2:15-cv-01299-RAJ**     1

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

drivers receive their rest breaks and wages required by Washington law. Transdev cannot lawfully shift this responsibility to a third party. Rather, a long line of cases under analogous federal law, which the Washington court has followed, has held that it violates public policy for an employer to delegate these compliance obligations to anyone – employee or third party – and then seek indemnification from that employee or third party for allegedly failing to fulfill those obligations. This is so because permitting indemnification in such circumstances would reduce the employer's incentives to act to ensure that it is complying with its obligations as an employer.

## II. LEGAL AUTHORITY AND ARGUMENT

### A. Transdev's First Claim for Relief -- Based on its Allegation That It Was in Privity of Contract With First Transit -- Fails To State A Claim.

Transdev argues that its contract with King County, and First Transit's separate but related contract with King County, "may be construed as one contract." Opposition (Dkt. No. 33), at 9. In support of its argument, Transdev cites two cases, *Turner v. Wexler*, 14 Wn. App. 143, 146 (1975), and *Kenney v. Read*, 100 Wn. App. 467, 474 (2000). Transdev's argument conflates the standards for contractual interpretation and privity of contract, and both cases are inapposite for that reason.

In *Turner*, the primary case cited by Transdev, the court held that a 1965 contract between two parties (the Turners and Wexlers) and a 1969 contract between those two parties and a third party (the Helblings) should be "read and construed together." 14 Wn. App. at 145. There was no dispute in *Turner* over whether the parties were in privity, because all three parties were expressly mutual parties to the same final contract. The court concluded the two contracts should be viewed together for purposes of construing the terms of the contract, not to determine whether the parties were in contractual privity. *Id*.

*Kenney* is irrelevant for the same reason. *Kenney* involved a dispute over a letter of credit. As the court explained, a letter of credit is a "tripartite arrangement under which one

FIRST TRANSIT, INC.'S REPLY ISO MOTION
TO DISMISS TRANSDEV'S CROSS-CLAIM
Case No. 2:15-cv-01299-RAJ     2

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

party establishes a credit, usually at a bank, on which it authorizes a third party to draw, provided certain conditions are met." 100 Wn. App. at 471 (citation and quotations omitted). Thus, as in *Turner*, *Kenney* did not present any dispute over whether the parties were in privity of contract. Rather, Kenney merely read two related agreements together for purposes of construing their terms. *Id.* at 474.

Transdev completely fails to address the dispositive case cited by First Transit, *American Pipe and Construction Company v. Harbor Construction Company*, 51 Wn.2d 258, 317 P.2d 521 (1958). In *American Pipe*, the Washington Supreme Court drew a distinction between the rule of construction that allows related contracts to be read together for interpretation (as used in *Turner* and *Kenney*), and the ability of third parties to enforce a contract. *Id.* at 263-65. The Court concluded that "the rule [of construing related contracts together] is one of *interpretation* only and we do not think that it can be extended to create a contract where none was intended." *Id.* at 265 (emphasis in original). This case is like *American Pipe* in that two entities separately contracted with a government entity, and "it is plain that no privity of contract existed" between the two contractors. *Id.* at 262. Even though the contracts in the case at bar are related, it does not create a contractual relationship between Transdev and First Transit. As in *American Pipe*, Transdev's only recourse is to seek to establish that it is an intended third-party beneficiary of First Transit's contract with King County, *id.* at 265, which it cannot do.

### B. Transdev's Second Claim for Relief -- Based on its Allegation That It Was an Intended Third-Party Beneficiary of First Transit's Contract -- Fails To State A Claim.

#### 1. Transdev Is Not an Intended Third-Party Beneficiary of First Transit's Contract with King County.

Transdev asserts that it "fits precisely within the definition of a third-party beneficiary to the contract between First Transit and King County." Opposition at 10. The proper question, however, is not whether Transdev is a third-party beneficiary, but whether Transdev is an

**FIRST TRANSIT, INC.'S REPLY ISO MOTION
TO DISMISS TRANSDEV'S CROSS-CLAIM
Case No. 2:15-cv-01299-RAJ**     3

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

*intended* third-party beneficiary, in the legal sense that it was intended that Transdev would have a direct right of action to enforce First Transit's contract with King County.

Simply because a third party will clearly benefit from a contract does not provide that third party with the right to enforce the contract. Rather, the third party must show there was an objective intent of the contracting parties that the third party would have a direct right to enforce the contract. Certainly, the contracts in the case at bar contemplated that First Transit's scheduling work for King County would address the provision of breaks to drivers, as part of First Transit's overall scheduling obligations. And this no doubt would benefit Transdev in relation to its obligation to either provide breaks to its drivers, or pay additional wages if breaks were not provided. But the fact that Transdev would benefit from First Transit's performance does not answer the only relevant question, which is whether the contract shows an intent by First Transit and King County that Transdev would have a ***direct right of action*** against First Transit to enforce First Transit's contractual obligations under its contract with King County.

This is no different than the engineering firm that had to provide specifications and supervise the work of subcontractors on a construction project in *Del Guzzi Const. Co., Inc. v. Global Northwest, Ltd., Inc.*, 105 Wn.2d 878, 887, 719 P.2d 120 (1986).[1] In that case, the defendant engineering firm's contract with the County property owner necessarily required the engineering firm to provide direction and information to the subcontractors that would benefit the plaintiff subcontractor. But the subcontract was held not to be an intended third party beneficiary of the contract. Likewise, in *American Pipe and Construction Company v. Harbor Construction Company*, 51 Wn.2d 258, 266-67, 317 P.2d 521 (1958), the plaintiff pipe installer could not complete the work it promised to complete for the City without the pipe provided by the supplier. Even though these benefits flowed from one contractor to another for their mutual work on a common project, it did not create an intended third-party beneficiary relationship

---

[1] Transdev's attempt to distinguish *Del Guzzi* on the basis that "a property owner is generally not a third-party beneficiary of a contract between the general contractor and a subcontractor" must be rejected (Opposition at 12), because it was not the property owner that claimed third-party beneficiary status in *Del Guzzi*.

**FIRST TRANSIT, INC.'S REPLY ISO MOTION
TO DISMISS TRANSDEV'S CROSS-CLAIM
Case No. 2:15-cv-01299-RAJ** 4

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

permitting the installer to enforce the supplier's separate contract with the City. *See similarly McDonald Construction Co. v. Murray*, 5 Wn. App. 68, 70-71, 485 P.2d 626 (1971) (tenant was not intended third-party beneficiary of construction company's contract with building owner, which required work to be completed so tenant could move in). Thus, even though First Transit necessarily confers benefits on Transdev in performing the duties it owes to King County, that does not make Transdev an intended third-party beneficiary of the contract.

Transdev's intended third-party beneficiary argument relies almost exclusively on *Lonsdale v. Chesterfield*, 19 Wn. App. 27, 573 P.2d 822 (1978), but that case is limited to its unique facts and is entirely distinguishable.[2] In that case a developer (Chesterfield) sold lots in a residential development to prospective home owners on conditional sale contracts that included a promise to install a water system. Chesterfield sold and assigned its rights under the contracts to certain investors, and then sold the remaining undeveloped land to Sansaria in exchange for Sansaria's agreement to install the water system for the development. Sansaria did not install the water system, the lot purchasers stopped paying the investors, and the investors sued Sansaria. *Id*. at 28-29. The Court ruled the investors were intended third party beneficiaries of Sansaria's agreement to install the water system. *Id*. at 31. But in that case, the plaintiffs (the investors) had a direct contractual claim against Chesterfield for failure to install the water system, and Sansaria had, in substance, stepped into Chesterfield's place by agreeing to install the water system in exchange for an asset – the remaining land – that would otherwise have been available to the investors in the event of Chesterfield's default. *Id*. at 31. On those facts, the court concluded that the plaintiff investors, due to their ongoing interest purchased from Chesterfield, "obviously" would be "directly" benefited by the performance that Sansaria had promised to Chesterfield. *Id*. Here, by contrast, Transdev does not assert a contractual claim against King County (as the investors did against Chesterfield), it does not allege that First Transit has stepped

---

[2] Moreover, in reviewing *Lonsdale* on appeal, the Washington Supreme Court held that the Court of Appeals did not have jurisdiction to review the issue and remanded to the trial court. *Lonsdale v. Chesterfield*, 91 Wn.2d 189, 191-92, 588 P.2d 217 (1978).

**FIRST TRANSIT, INC.'S REPLY ISO MOTION
TO DISMISS TRANSDEV'S CROSS-CLAIM
Case No. 2:15-cv-01299-RAJ**     5

into King County's shoes (as Sansaria had stepped into Chesterfield's), and Transdev's claims were not secured by assets that First Transit obtained in exchange for its promises to King County.

**2. The Contract Language Does Not Give Transdev the Right to Enforce the Contract.**

Contrary to Transdev's argument, the contract does not show an intent that Transdev could directly enforce First Transit's contractual obligations to King County. Section 6.5(D)(12) of the contract requires First Transit and Transdev to work together "to develop a plan to ensure driver breaks and lunches that shall have the least impact on the provision of service." This language merely manifests an intent that each of the contractors should maximize the service provided to passengers, for the benefit of King County. Martell Decl. (Dkt. No. 31-2), Ex. 2 (p. 90). Similarly, Section 6.5(D)(1) directs First Transit to "provide non-reservation coverage from 5:00 p.m. to 8:00 a.m." (*i.e.,* evening staff) to perform a list of activities related to optimizing service and scheduling, including scheduling breaks and lunches. *Id.* This provision at most applies to the evening hours, and does not contain any requirement that breaks must be provided in any particular manner. First Transit does not deny that it is responsible ***to King County*** for scheduling, which includes scheduling breaks. These provisions, however, do not purport to create a duty that runs directly from First Transit to Transdev and that Transdev may directly enforce.

Moreover, Transdev barely addresses First Transit's argument that the claim resolution procedures of the contract preclude its third-party beneficiary theory. Transdev relegates its response to this aspect of *American Pipe* to a footnote, but this issue was central to the Washington Supreme Court's holding in that case. In *American Pipe*, the contract could not be "construed to confer upon the installation contractor the right to enforce its provisions," because the contract specified the manner in which ***the city*** (not the third party) was empowered to enforce the contract, and permitting a third party to enforce the contract would have undermined

**FIRST TRANSIT, INC.'S REPLY ISO MOTION
TO DISMISS TRANSDEV'S CROSS-CLAIM
Case No. 2:15-cv-01299-RAJ**     6

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

the city's contractual rights. 51 Wn.2d at 266-67. The same is true here. First Transit's contract with King County gives ***King County***, and not Transdev, the right to enforce the contract, requires First Transit and King County to engage in alternative dispute resolution, and spells out a detailed procedure for First Transit and King County to give notice of alleged breaches and correct defects. Martell Decl. (Dkt. No. 31-2), Ex. 2, § 1.3(B) (pp. 18-19); § 1.12 (p. 22); § 2.11-2.13 (p. 32-33). King County "in its sole discretion" may correct defects itself, or decide "at its discretion" whether to accept any corrective actions proposed by First Transit. *Id.*, § 2.12-2.13 (p. 32-33). Thus, just as in *American Pipe*, here the contract specifies the manner in which the service recipient, King County, is empowered to enforce the contract, including by providing King County with discretion as to whether and how any breaches will be corrected. Moreover, like the city in *American Pipe*, King County retained the right to make changes to the requirements in the contract, including adjusting routes and service levels. *Id.*, §§ 4.5(A)(4), 4.5(B)(2), and 4.5(B)(4) (p. 46); § 6.2(A)(1)-(2) (p. 78). Just as in *American Pipe*, these provisions exclude any intent that Transdev would have a direct right to enforce the contract, because such a right would conflict with King County's rights under the contract.

### 3. The Extrinsic Evidence Submitted by Transdev Does Not Change the Facts as Alleged in the Complaint, and Does Not Change the Result.

The evidence extrinsic to the contracts that Transdev has submitted does not alter the relevant facts or the analysis.

First, Transdev submits evidence purporting to show its subjective expectation that it would have a direct right of action against First Transit. Opposition at 2-3, 5-6. But Transdev's subjective understanding is irrelevant. The Court must look first and foremost to the terms of the contract to determine the intent of the parties. *Del Guzzi*, 105 Wn.2d at 887. This is because Washington follows the objective theory of contracts, which disregards any unexpressed subjective understanding. *Wagner v. Wagner*, 95 Wn.2d 94, 101, 621 P.2d 1279 (1980). Under the objective theory, "admissible extrinsic evidence does ***not*** include: Evidence of a party's

**FIRST TRANSIT, INC.'S REPLY ISO MOTION
TO DISMISS TRANSDEV'S CROSS-CLAIM
Case No. 2:15-cv-01299-RAJ**     7

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

unilateral or subjective intent as to the meaning of a contract word or term . . . ." *Hollis v. Garwall, Inc.*, 137 Wn.2d 683, 695-96, 974 P.2d 851 (1999) (emphasis in original). Further, where, as here, there is no relevant extrinsic evidence to consider, the interpretation of a contract is a question of law for the court. *Scott Galvanizing, Inc. v. Northwest EnviroServices, Inc.*, 120 Wn.2d 573, 582, 844 P.2d 428 (1993); *Berg v. Hudesman*, 115 Wn.2d 657, 667-68, 801 P.2d 222 (1990).

Second, Transdev submits evidence that First Transit acknowledged it has responsibility for dealing with the drivers' breaks. Opposition at 14-16. This does not prove anything that is not already shown by the contract itself. First Transit's Motion accepts as true that First Transit has contractual responsibility for scheduling and dispatching the routes, as shown by First Transit's contract with King County. The relevant question is not whether First Transit has a contractual duty (that fact is accepted as true), but to whom the duty is owed, that is, whether an alleged breach is directly actionable by Transdev. The objective language of the contract shows that First Transit's scheduling duties run solely to King County. The contract is an exchange of promises between First Transit, which agreed to provide services, and King County, which agreed to pay for those services. Martell Decl. (Dkt. No. 31-2), Ex. 2 (p. 3). The contract language to which Transdev points is aimed at optimizing service for the benefit of King County, with only incidental reference to driver breaks. Further, the enforcement provisions discussed above clearly demonstrate that the parties could not have intended Transdev to enforce the contract because it would interfere with King County's right to modify First Transit's obligations and to decide whether and how to correct any breach of the contract. Moreover, King County's involvement in the correspondence submitted by Transdev with its Opposition reinforces that the duty runs to King County, not Transdev. *See* Opposition at 15-16.

Accordingly, Transdev cannot state a claim for breach of contract against First Transit as an intended third-party beneficiary.

**FIRST TRANSIT, INC.'S REPLY ISO MOTION
TO DISMISS TRANSDEV'S CROSS-CLAIM
Case No. 2:15-cv-01299-RAJ** — 8

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

### 4. This Court Cannot Save Transdev From its Own Contract.

Transdev complains that the contractual framework to which it agreed places Transdev "at the mercy of First Transit" to schedule driver breaks. This is a plea for the Court to save Transdev from the terms of its own contract, which the Court does not have authority to do. As the Washington Supreme Court has explained, "it follows that the courts cannot and ought not make contracts for the parties and, assuredly, cannot make a contract for them which they did not make for themselves. Courts should take care under the guise of interpretation not to rewrite the contract for the parties, or create a new one." *Grant Cty. Constructors v. E. V. Lane Corp.*, 77 Wn.2d 110, 121, 459 P.2d 947, 954 (1969).

Transdev was not forced to accept these contractual terms. It could have sought revisions in its bid proposal, or could have simply elected not to contract with King County. Instead, Transdev chose to enter into the contract it has, which lacks any provision permitting Transdev to sue First Transit. For example, there are no terms providing that "First Transit promises Transdev" to do anything. Instead, all of the promises and obligations flow to and from King County. Transdev's alleged helplessness is a function of Transdev's own contractual choices.

Further, and although it is not germane to ruling on First Transit's Motion, the evidence Transdev has submitted demonstrates that Transdev is not helpless. For example, Transdev's rest break policy instructs drivers about the conditions under which they must take rest breaks, including the option to take intermittent breaks that are not scheduled by First Transit (which is expressly permitted by Washington law), and the process to follow when they miss breaks, including payment by Transdev for missed breaks. Zanduis Decl. (Dkt. No. 35), Ex. C. The December 3, 2015 email from First Transit expresses that First Transit has no control when drivers refuse to take breaks or ask for them to be moved. *Id.*, Ex. E. Transdev may also have (unexplored) options to use the dispute resolution procedures in its contract with King County to negotiate corrective actions with King County, if any are required. Transdev is not, in fact,

**FIRST TRANSIT, INC.'S REPLY ISO MOTION**
**TO DISMISS TRANSDEV'S CROSS-CLAIM**
**Case No. 2:15-cv-01299-RAJ**          9

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

1 helpless, but if it is, that is a function of the contract that Transdev chose to accept and that the
2 Court cannot modify.

### C. Any Contract that Purported to Indemnify Transdev for Its Obligations to Provide Rest Breaks or Wages in Lieu Thereof Would Be Illegal and Unenforceable.

Transdev admits that it is the employer of the drivers, but disclaims any obligation to ensure that its drivers receive rest breaks. Instead, Transdev asserts that it "surrendered the right" to control the drivers' rest breaks. In essence, Transdev is attempting to wash its hands of the responsibilities it has as an employer in Washington. This demonstrates precisely why indemnification of the sort Transdev proposes is contrary to public policy, illegal, and unenforceable as a matter of law.

As shown in First Transit's Motion, it violates public policy, and therefore is illegal, for a contract to indemnify an employer for breaching rest break or wage obligations to its employees. As the court explained in *Kilgore v. Shriners Hospitals for Children*, 190 Wn. App. 429, 435, 360 P.3d 55 (2015), such a contract would diminish an employer's incentives to comply with wage and hour laws. Washington law places the obligation to ensure that employees receive rest breaks squarely on the employer. *Pellino v. Brink's, Inc.*, 164 Wn. App. 668, 688-90, 267 P.3d 383 (2011). Under *Kilgore* and the federal law upon which it is based, this responsibility cannot be passed off to another through contract or agreement, whether that other is a management employee of the employer or is, as here, an independent company.

Transdev's only response to this argument is that *Kilgore* is distinguishable because it involved an employer seeking indemnity from its employee. Opposition at 16. But in *Kilgore*, the employee in question was the employer's director of fiscal services, who had been responsible for administering the employer's payroll practices and who had created almost $400,000 in wage liability for the employer by falsifying other employees' time cards. 190 Wn. App. at 431. Despite these egregious facts, the court ruled that it was against public policy to permit the employer to sue this manager for damages for the wage violations that the manager

FIRST TRANSIT, INC.'S REPLY ISO MOTION
TO DISMISS TRANSDEV'S CROSS-CLAIM
Case No. 2:15-cv-01299-RAJ          10

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

had created. Critically, the court's reasoning was not that the manager should be afforded some special protection because she had been an employee, but rather that permitting an employer to bring a contractual claim for indemnity against the manager for wage violations she caused would improperly diminish the employer's incentive to ensure that it was complying with its own wage obligations. As the court held:

> Thus, as with the FLSA, the [Washington Minimum Wage Act's] statutory goals would be undermined by diminishing the employer's compliance incentives if an employer were permitted to seek indemnity from its employees for statutory violations.

190 Wn. App. at 435. This rule – that contractual indemnity will not be permitted where it reduces an employer's compliance incentives – applies with equal force to a claim brought against a non-employee third party. The courts have applied this rule to deny contractual indemnity claims against independent entities, and there is no doctrinal basis to distinguish the two situations. *See, e.g., Local 1035, Int'l Brotherhood of Teamsters v. Pepsi Allied Bottlers, Inc.*, 99 F. Supp.2d 219, 221-22 (D. Conn. 2000); *Gustafson v. Bell Atlantic Corp.*, 171 F. Supp.2d 311, 327-28 (S.D.N.Y. 2001).

For these reasons, the contractual rights that Transdev claims (which do not exist) would be illegal and unenforceable in any event. Even in a direct contract between Transdev and First Transit, Transdev could not indemnify itself and sidestep its obligation to provide its employees with rest breaks or wages in lieu thereof.[3]

### III. CONCLUSION

In sum, First Transit's contractual obligations with regard to scheduling and dispatching the drivers run directly to King County, and Transdev does not have a direct right to enforce that contract against First Transit. Alternatively, if Transdev is correct that the contract grants

---

[3] At points in its argument, Transdev appears to argue that First Transit was the entity that bore primary legal responsible for providing rest breaks to Transdev's drivers. This is not true. Under Washington law, it is the employer that has the obligation to ensure that employees receive rest breaks. (Dkt. No. 30, at 9-10). Transdev acknowledges that it is the sole employer of the drivers. Opposition at 1. First Transit's control over scheduling does not make it an employer of the drivers. (Dkt. No. 26, at 16-17).

FIRST TRANSIT, INC.'S REPLY ISO MOTION
TO DISMISS TRANSDEV'S CROSS-CLAIM
Case No. 2:15-cv-01299-RAJ       11

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

1 Transdev a contractual right of action against First Transit for any alleged failure to provide rest breaks, that is a contract that purports to absolve Transdev of its obligations, as an employer, to provide its employees with rest break or wages in lieu thereof, and any such contract is illegal and unenforceable. In either case, First Transit's Motion to Dismiss Transdev's Cross-Claim should be granted.

November 18, 2016

                                             *s/ Breanne Sheetz Martell*
Daniel L. Thieme, WSBA #12855
dthieme@littler.com
Breanne Sheetz Martell, WSBA #39632
bsmartell@littler.com
Vanessa B.K. Lee, WSBA #46547
vblee@littler.com
LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
Phone: 206.623.3300
Fax: 206.447.6965

Attorneys for Defendant
FIRST TRANSIT, INC.

**FIRST TRANSIT, INC.'S REPLY ISO MOTION
TO DISMISS TRANSDEV'S CROSS-CLAIM
Case No. 2:15-cv-01299-RAJ**       12

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

# CERTIFICATE OF SERVICE

I am a resident of the State of Washington, over the age of eighteen years, and not a party to the within action. My business address is One Union Square, 600 University Street, Ste. 3200, Seattle, WA 98101. On November 18, 2016, I

☒ **ELECTRONICALLY FILED** the foregoing document(s) with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Toby J. Marshall, WSBA #32726<br>tmarshall@terrellmarshall.com<br>Jennifer Rust Murray, WSBA # 36983<br>jmurray@terrellmarshall.com<br>Erika L. Nusser, WSBA #40854<br>enusser@terrellmarshall.com<br>TERRELL MARSHALL LAW GROUP PLLC<br>936 North 34th Street, Suite 300<br>Seattle, Washington 98103-8869<br>Telephone: 206-816-6603<br>Facsimile: 206-319-5450<br><br>*Attorneys for Plaintiffs* | Jeffrey Needle, WSBA #6346<br>jneedle@wolfenet.com<br>LAW OFFICES OF JEFFREY L. NEEDLE<br>119 1st Avenue, Suite 200<br>Seattle, Washington 98104<br>Telephone: 206-447-1560<br>Facsimile: 206-447-1523<br><br><br><br><br><br><br>*Attorneys for Plaintiffs* |
| Stellman Keehnel, WSBA No. 9309<br>stellman.keehnel@dlapiper.com<br>Anthony Todaro, WSBA No. 30391<br>anthony.todaro@dlapiper.com<br>Austin Rainwater, WSBA No. 41904<br>austin.rainwater@dlapiper.com<br>DLA PIPER US LLP (WA)<br>701 Fifth Avenue, Suite 7000<br>Seattle, Washington 98104-7044<br>Tel: 206.839.4800<br>Fax: 206.839.4801<br><br>*Attorneys for Transdev Defendants* | |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on November 18, 2016, at Seattle, Washington.

                                       *s/ Sally Swearinger*
                                       Sally Swearinger
                                       sswearinger@littler.com
                                       **LITTLER MENDELSON, P.C.**

Firmwide:143983551.5 070993.1104

**FIRST TRANSIT, INC.'S REPLY ISO MOTION
TO DISMISS TRANSDEV'S CROSS-CLAIM
Case No. 2:15-cv-01299-RAJ**      13

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300