THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HOWARD BERRY and DAVID BERRY, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

TRANSDEV SERVICES, INC. d/b/a VEOLIA TRANSPORTATION SERVICES, INC.; TRANSDEV NORTH AMERICA, INC., f/k/a/ VEOLIA SERVICES, INC.; and FIRST TRANSIT, INC.,

Defendants.

Case No. 15-01299-RAJ

**ORDER**

**I. INTRODUCTION**

This matter comes before the Court on Plaintiffs' Motion for Leave to File an Amended Class Action Complaint. Dkt. # 56. Defendant First Transit, Inc., opposes the Motion. Dkt. # 60. For the reasons that follow, Plaintiffs' Motion is **GRANTED**. Dkt. # 56. Plaintiffs' Motion to Continue Class Certification Briefing Deadlines is also **GRANTED**. Dkt. # 69.

**II. DISCUSSION**

Plaintiffs filed their original Complaint in the Superior Court of Washington on July 14, 2015. Dkt. # 1. Defendants removed the case to this Court on August 14,

ORDER - 1

2015. *Id.* Plaintiffs moved for remand on September 10, 2015. Dkt. # 7. Plaintiffs' motion for remand was denied. Dkt. # 14. On July 27, 2016, the Court entered an order pursuant to the parties' stipulation to allow Plaintiffs to file their First Amended Complaint and to add First Transit, Inc. as a Defendant. Dkt. # 22. Defendant First Transit, Inc., filed motions to dismiss Plaintiffs' First Amended Complaint and Transdev Services, Inc.'s cross-claim. Dkt. ## 26, 30. On April 14, 2017, the Court denied First Transit, Inc.'s motion to dismiss Plaintiffs' First Amended Complaint, and granted in part and denied in part the motion to dismiss Transdev Services, Inc.'s cross-claim. Dkt. # 48. Plaintiffs now request leave to amend their First Amended Complaint. Dkt. # 56.

Amendment to pleadings is governed by Federal Rule of Civil Procedure 15(a). Rule 15(a) "provides that a party's right to amend as a matter of course terminates 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate a decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez,* 942 F.2d 617, 628 (9th Cir. 1991); *United States v. Webb,* 655 F.2d 977, 979 (9th Cir. 1981). Further, the policy of favoring amendments to pleadings should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987).

Against this extremely liberal standard, the Court may deny leave to amend after considering "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). But "[n]ot all of the factors merit equal weight ... it is the consideration of prejudice to the opposing party that carries the greatest weight."

ORDER - 2

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.* The party opposing amendment bears the heavy burden of overcoming this presumption. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Plaintiffs seek to amend their First Amended Complaint to "clarify that their state law claims include meal breaks," and argue that such claims have already been a part of this litigation and ongoing discovery. Dkt. # 56. After review of Plaintiffs' First Amended Complaint, the balance of the record, and the parties' submissions, the Court finds that Defendants would not be prejudiced by Plaintiffs' proposed amendments. Plaintiffs' First Amended Complaint contains numerous references to meal breaks. Dkt. # 22 ¶¶ 1.2, 5.2, 5.3, 5.4, 5.5, 6.4, 9.4, 10.4, 10.5. Although these references refer to contracts between King County and Defendants, Plaintiffs allege that these contracts govern Defendants' joint operations. Dkt. # 22 ¶ 1.2. Defendants were on notice that these provisions form the basis of several of Plaintiffs' claims, particularly Plaintiffs' breach of contract claim. *Id.* ¶¶ 9.1-9.6. Defendant First Transit, Inc. also specifically refers to Plaintiffs' response to its motion to dismiss, where Plaintiffs indicate that they were prepared to amend their First Amended Complaint to allege additional facts, specifically that drivers had made complaints about both meal and rest breaks. Dkt. # 60. While Plaintiffs did not specifically state that they intended to amend their First Amended Complaint to assert meal period violations, this reference is more than sufficient to put Defendants on notice that meal breaks were at issue. Dkt. # 29.

Defendant First Transit, Inc. does not dispute that Plaintiffs' discovery requests specifically requested information about driver complaints about rest and meal breaks and that Defendant provided this information because they recognize that "the scope of discovery was broad and that complaints about meal periods could potentially relate to missed rest breaks." Dkt. # 60 at 5. Defendant also notes that Plaintiffs' interrogatories

ORDER - 3

also requested information about complaints, lawsuits, and investigations regarding both meal and rest breaks. Dkt. # 60 at 7. This conflicts with Defendant's assertion that the discovery requested and conducted thus far shows that Plaintiffs did not intend to assert a claim for denied meal periods. Dkt. # 60 at 1. Further, while Defendant argues that it will be prejudiced because a possible affirmative defense of waiver was not previously an issue in this case, Defendant can of course conduct further discovery on this issue.

Further, the Court finds no evidence of bad faith and declines to determine whether Plaintiffs' assertions are futile at this stage in the litigation. While Plaintiffs request to amend their First Amended Complaint a full year after filing it, the Court finds that the Defendants will not be prejudiced by this delay. Because the underlying purpose of Rule 15 is to facilitate a decision on the merits, Plaintiffs should be permitted an opportunity to allege every relevant fact and argument in support of their claims. Defendants had notice of Plaintiffs' claims and do not make any convincing argument that amendment of the complaint would prejudice them such that the presumption in favor of liberal amendment should be overruled.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion for leave to amend their First Amended Complaint. Dkt. # 56. **Plaintiffs shall file their proposed amended complaint, filed as Exhibit A to Docket No. 57, within one week of the date of this order.**

//
//
//
//

ORDER - 4

Pursuant to this Court's Order on July 27, 2016, case scheduling deadlines will not be set under after the Court rules on Plaintiffs' motion for class certification. Other than the deadline set for the filing of that Motion, which is the subject of Plaintiffs' pending motion for an extension of time (Dkt. # 69), no other deadlines have been set. As the Court is granting Plaintiffs leave to further amend their complaint, Plaintiffs' Motion to Continue Class Certification Briefing Deadlines is also **GRANTED.** Dkt. # 69. **The parties are ordered to submit proposed deadlines related to class certification briefing within one week.**

Dated this 7th of March, 2018.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER - 5