THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HOWARD BERRY and DAVID BERRY, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

TRANSDEV SERVICES, INC. d/b/a VEOLIA TRANSPORTATION SERVICES INC., TRANSDEV NORTH AMERICA, INC., f/k/a VEOLIA SERVICES, INC., and FIRST TRANSIT, INC.,,

Defendants.

Case No. C15-01299-RAJ

ORDER

This matter comes before the Court on Plaintiffs' Motion to File Documents Under Seal (Dkt. # 92) and Defendants' Motion to Seal (Dkt. # 133). Plaintiffs move to seal Exhibits 6, 18, 19, 22, 36, 37 to the Declaration of Erika Nusser, which were submitted in support of Plaintiffs' Motion to Certify Class. Dkt. # 94. Defendants move to seal Exhibit 11 to the Declaration of Hamid Slim, which was submitted in support of Defendants' Response to Plaintiffs' Motion to Certify Class. Dkt. # 140. Plaintiffs' Motion to Seal Exhibits 6, 18, 19, 22, 36, 37 to the Declaration of Erika Nusser is **GRANTED in part** and **DENIED in part.** Dkt. # 92. Defendants' Motion to Seal Exhibit 11 to the Declaration of Hamid Slim is **GRANTED.** Dkt. # 133.

Pursuant to Local Rule 5(g), the party who designates a document confidential must provide a "specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interest that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient." W.D. Wash. Local Rules LCR 5(g). The party seeking to seal a judicial record must show that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178-78 (9th Cir. 2006). However, where a party seeks to seal "private materials unearthed during discovery," the relevant standard is whether "'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.,* 307 F.3d 1206, 1213 (9th Cir. 2002); Fed. R. Civ. P. 26(c). The Ninth Circuit has not ruled as to whether a motion for class certification is a dispositive motion for purposes of a motion to seal. *English v. Apple Inc.*, No. 14-CV-01619-WHO, 2015 WL 13427750, at *2 (N.D. Cal. Aug. 6, 2015). The parties take no position on whether Plaintiffs' motion for class certification is a dispositive motion, however, the parties make their arguments to seal the documents under the higher "compelling reasons" standard.

The exhibits submitted with the Nusser Declaration were designated as confidential by Defendant First Transit, Inc. ("First Transit"). Dkt. # 125. Exhibit 6 is First Transit's Dispatch Policies and Procedures Manual. Dkt. # 94. Exhibits 18 and 19 are communications between First Transit and King County Metro Transit regarding planned operational improvements to King County's paratransit transportation program. Dkt. ## 94-6, 94-7. First Transit argues that these documents contain confidential business information and trade secrets, and that their disclosure would harm their competitive standing as they are engaged in competitive bidding processes. First Transit

further argues that it is contractually obligated to maintain the confidentiality of its operational information for the paratransit transportation program. Dkt. # 125. The contract between First Transit and King County requires that First Transit not "disclose or publish . . . information and material received or used in performance of this Contract." Dkt. # 96-4 at 34. This "information and material" includes "personal information, licensed technology, Software, Documentation, drawings, schematics, manuals, data and other materials described as 'Confidential', 'Proprietary' or 'Business Secret'" encountered while performing work under the contract. *Id.* The exhibits at issue do not fall in this category, therefore, this contract does not provide a basis for sealing Exhibits 6, 18, and 19.

Compelling reasons exist where exhibits are of little value to the public and contain information that would be primarily of interest to competitors. *Cousineau v. Microsoft Corp.*, No. C11-1438-JCC, 2013 WL 12069074, at *1 (W.D. Wash. Sept. 16, 2013); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008). First Transit argues that competitors could use information in all three exhibits to replicate their policies in order to gain a competitive advantage and to use the information concerning planned service improvements to undermine their operations with King County. Exhibits 18 and 19 contain information regarding several issues with the paratransit transportation program and First Transit's plans to address them. The Court agrees that knowledge of these issues would provide competitors with an advantage over First Transit and that there is a compelling reason to keep them confidential.

Exhibit 6 contains, among other things, dispatch procedures, protocols, scripts, checklists, timelines, logistical divisions of responsibility, and the cell phone numbers of several First Transit employees. Local Rule 5(3)(A) requires that the parties "explore redaction and other alternatives to filing under seal". First Transit addresses the possibility of redaction but does not provide an explanation as to why it would not be appropriate with regards to these exhibits, merely stating that "any value in these exhibits

pertains to the very operational information that requires confidentiality, whether the documents are disclosed in whole or in part." Dkt. # 125 at 9. Exhibit 6 is almost 100 pages and contains a plethora of information, including numbers to access the paratransit transportation program and definitions of other terms in the handbook. Not every single sentence in this book contains proprietary and confidential information, and First Transit provides no real explanation as to why redaction would not suffice to protect the confidentiality of their procedures and policies.

First Transit contends that they receive private information about Defendants Transdev Services, Inc. and Transdev North America, Inc. ("Transdev") drivers and passengers in the course of communicating with Transdev to resolve complaints. First Transit argues that they are contractually obligated to keep this information confidential, and that Exhibits 22, 36, and 37 contain such private information. Exhibit 22 contains information from King County's database regarding such complaints, and Exhibits 36 and 37 are email communications between First Transit and Transdev about the same. Dkt. ## 94-8, 94-10, 94-11. The Court agrees that the information in these exhibits were "received or used in performance" of the contract between First Transit and King County. However, other than the names of some of the riders and the drivers, and the general areas in which some of the drivers were driving, there does not appear to be enough personal information in Exhibit 22 to warrant sealing of the Exhibit in its entirety. Again, First Transit fails to identify why redaction would not serve to protect the privacy interests of the parties named in Exhibit 22. Exhibits 36 and 37 contain personal information, i.e. names, addresses, and detailed information regarding drivers' complaints. However, as with Exhibit 22, First Transit fails to address redaction as a less restrictive alternative to sealing for Exhibits 36 and 37. While these exhibits do "strike a personal tone expected in conversations assumed to be private," this reason alone is not compelling enough to seal them in their entirety.

| | |
|---|---|
| 1 | Transdev filed a Motion to Seal Exhibit 11 to the Declaration of Hamid Slim. Dkt. |
| 2 | # 133. Exhibit 11 is a Transdev driver's paystub and contains the driver's home address |
| 3 | and information regarding his wages. This driver is a non-party and the protection of |
| 4 | personal financial and identifying information of a non-party is a compelling enough |
| 5 | reason to outweigh the public's interest in the paystub's disclosure. |

Transdev filed a Motion to Seal Exhibit 11 to the Declaration of Hamid Slim. Dkt. # 133. Exhibit 11 is a Transdev driver's paystub and contains the driver's home address and information regarding his wages. This driver is a non-party and the protection of personal financial and identifying information of a non-party is a compelling enough reason to outweigh the public's interest in the paystub's disclosure.

Based on the parties' filings and the relevant legal standards, the **GRANTS** Plaintiffs' Motion to Seal Exhibits 18 and 19 and **DENIES with leave to amend** with respect to Exhibits 6, 22, 36, and 37, to allow First Transit to fully address the possibility of redaction as an alternative to filing under seal. Dkt. # 92. Defendant Transdev's Motion to Seal Exhibit 11 to the Declaration of Hamid Slim is also **GRANTED.** Dkt. # 133.

IT IS SO ORDERED this 1st day of October, 2018.

_Richard A. Jones_
The Honorable Richard A. Jones
United States District Judge